LeGRAND S. BURTON *et al.*

*v.*

SOPHIA BURTON GAGNON *et al.*

*Opinion filed June 17, 1899.*

1. WILLS—*first taker's power of disposition by will is fatal to existence of executory devise.* An executory devise cannot subsist where the first taker has the absolute power of disposition by deed or will.

2. SAME—*will construed as to invalidity of limitation over.* A devise of real estate to the testator's two children according to the Statute of Descent passes an estate in fee with power of alienation, and the limitation over of a remainder to other parties is void.

3. REMAINDERS—*when remainder is vested.* A remainder is vested if, by words of express limitation, it is to take effect on the determination of a preceding particular estate and the persons to take are in being and ascertained.

4. PARTITION—*court may settle rights of parties, including vested remainders.* The court has power, in partition, to settle the title and rights of the parties to all the property involved, including vested interests, and the action of the court in so doing is final, as between the parties, in a collateral proceeding.

CARTWRIGHT, C. J., and MAGRUDER and BOGGS, JJ., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

HOLDEN & BUZZELL, and H. A. DAUGHERTY, for appellants.

JAMES A. FULLENWIDER, (NOBLE B. JUDAH, of counsel,) for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill in equity brought by Sophia Burton Gagnon and Robert C. Burton, the latter being a minor, by the Northern Trust Company, a corporation, guardian of his estate, against the appellants, to remove a cloud from and quiet title to real estate in the city of Chicago, and incidentally to construe the will of S. Lester Burton.

It appears from the allegations of the bill that Stiles Burton, a resident of Chicago, died intestate several years

ago, leaving a widow, Ann W. Burton, and three children, LeGrand S. Burton, S. Lester Burton and Virginia B. Holmes, his only heirs-at-law. S. Lester Burton died testate in Chicago on the second day of January, 1896, leaving two children, the complainants in the bill, and Adah F. Burton, his widow, his only heirs-at-law. His will was probated January 9, 1896, and was as follows:

"*First*—It is my will that all my just debts shall be paid.

"*Second*—After the payment of my funeral expenses I do hereby devise and bequeath to my wife all my household and kitchen furniture.

"*Third*—All the rest, residue and remainder of my property, real and personal, I will shall be distributed according to the laws of descent of the State of Illinois, with the following exceptions, to-wit: that should all of my children die intestate and without lawful issue and not survive my wife, I will that after the death of my wife the residue and remainder shall be equally divided between the heirs-at-law of my deceased father.

"*Fourth*—In the said foregoing event of all of my children not surviving their mother, they leaving no issue and no will, I will that from the date of the demise of the survivor of them, for the balance of my wife's natural life, provided that she has not and does not marry again but remains my widow and single until her death, then she shall receive the income of said residue and remainder until her demise.

"I hereby appoint LeGrand S. Burton the sole executor of this will, and request that he shall not be obliged to give bonds."

The testator died possessed of large interests in real estate in Chicago. The greater part of his real estate was held by him jointly, as tenant in common with Le-Grand S. Burton and Virginia B. Holmes, his brother and sister. After the death of S. Lester Burton, and on April 14, 1897, LeGrand S. Burton and Virginia B. Holmes, as complainants, filed their bill against the appellees herein and other parties for a partition of the real estate held in common, and such proceedings were had therein that commissioners were appointed and partition thereof was made pursuant to the statute of this State relating to the partition of real estate, and a final decree in partition was entered in that case on November 20, 1897, setting

off to appellees, "in fee simple absolute," certain valuable property at the south-east corner of Lake and State streets, in Chicago, being the property in question in this case, and other of said real estate held in common was set off to LeGrand S. Burton and Virginia B. Holmes in fee simple. The partition was accepted by all the parties, and they immediately entered into possession of the portion set off to them, respectively. The premises set off to appellees by the decree in partition were appraised by the commissioners at $400,000, and appellees were decreed to pay $24,000 to LeGrand S. Burton as owelty of partition, and also their share of certain costs and expenses of the partition proceeding, which payments were made a lien upon the premises set off to appellees, subject to the dower interest of Adah F. Burton, their mother. The improvements upon the premises set off to appellees consist of a five-story building much out of repair, and the leases have expired with May 1, 1898, and the premises are vacant and cannot be rented profitably until extensive repairs are made. The former rentals were about $18,000 per annum, but cannot now be obtained without repairs, and with repairs the rentals would possibly be $30,000 per annum. Appellees have no means with which to pay the $24,000 and cost and expenses of partition, nor to make repairs upon said building, except by borrowing the money therefor upon the security of the property, and they are in danger of losing all the property by execution sale upon said decree for $24,000 owelty of partition, and the expenses in connection therewith, unless they can borrow the money upon the property. Complainants applied to parties who had money to loan on real estate security in Chicago, and they were willing to make the loan on the property providing their title was merchantable. But upon examination of the title doubts were raised in regard to the construction to be placed upon the third and fourth clauses of the will of S. Lester Burton, which seem to show an attempted limitation over.

It is set up in the bill that the language of the will, until construed in the courts, forms a cloud on the title of complainants, and that they are unable to obtain a loan of money on the real estate until such cloud is removed.

Complainants' bill is quite lengthy and contains many other allegations, but in the view we take of the case it will not be necessary to set them out here, as enough have been set out to show the questions upon which the decision of the case must turn.  In brief, the theory of the bill, as we understand it, is, that the attempted limitation over is void and inoperative and a cloud upon the title of complainants, with the alternative proposition that if the limitation over had ever been effective at all it was in the nature of a vested remainder in LeGrand S. Burton and Virginia B. Holmes, as the living heirs (other than appellees) of Stiles Burton, deceased, the father of S. Lester Burton, and that as such remainder it has been cut off and destroyed by the decree in partition, to which all the heirs of Stiles Burton were parties, and that the pretended claim of interest made by the appellants is unfounded and a cloud upon the title of the appellees; also, that the appellants are estopped by the partition proceeding from asserting any interest in the property set off to appellees therein.

To the bill the defendants interposed a general demurrer, which the court overruled, and as the defendants elected to stand by the demurrer and declined to plead or answer, a decree *pro confesso* was entered in favor of the complainants in the bill.  The court, by its decree, found and decreed that the limitation over in the third and fourth clauses of the will was ineffective to pass any title in the premises, and that the devise to complainants passed a fee simple estate, subject to the dower of the widow, Adah F. Burton.

At the time of the execution of the will and upon the death of the testator he left him surviving two children, Sophia Burton Gagnon and Robert C. Burton, who upon

his death constituted his only heirs-at-law. By the first part of clause 3 of the will the testator directed that his property should be distributed according to the laws of descent of the State of Illinois. Under this provision an absolute estate in fee simple would pass to the two children, subject to the dower of the widow of the testator. Where a fee simple estate is devised, the devisee has, of course, the unlimited power of alienation. It will, however, be observed that the testator, after devising the property in fee to his two children by the first part of clause 3, then adds this provision: "Should all of my children die intestate and without lawful issue and not survive my wife, I will that after the death of my wife the residue and remainder shall be equally divided between the heirs-at-law of my deceased father." This provision of the will is relied upon by appellants as vesting title in them by way of an executory devise, while, on the other hand, appellees claim that this clause of the will, being inconsistent with the devise of an absolute estate to them, is void.

Where a testator makes an absolute devise of property to a certain person, who is thus clothed with power of alienation, a limitation over is void. In 4 Kent's Commentaries (270) the author, in discussing this question, says: "If, therefore, there be an absolute power of disposition given by the will to the first taker, as, if an estate be devised to A in fee, and, if he dies possessed of the property without lawful issue, the remainder over, or remainder over of the property which he, dying without heirs, should leave, or without selling or devising the same, in all such cases the remainder over is void as a remainder because of the preceding fee; and it is void by way of executory devise because the limitation is inconsistent with the absolute estate or power of disposition expressly given or necessarily implied by the will. A valid executory devise cannot subsist under an absolute power of disposition in the first taker." In *Ide* v. *Ide*,

5 Mass. 500, a devise was made to the testator's son, P., and his heirs and assigns forever, of lands and personal property, with this clause added: "And further, it is my will that if my son, P., shall die and leave no lawful heirs, what estate he shall leave to be equally divided between my son, J., and my grandson, N., to them and their heirs forever." The court held that the devise over to J. and N. was void, as inconsistent with the absolute unqualified intent of the first devisee. *Jackson* v. *Bull,* 10 Johns. 19, is a similar case and the same rule was adopted. The same doctrine, in an elaborate opinion, is declared in *Jackson* v. *Robins,* 16 Johns. 537.

The rule established by Kent and in the cases cited from New York and Massachusetts has been adopted in this State. In *Welsch* v. *Belleville Savings Bank,* 94 Ill. 191, it was held that where, by the terms of a will, there is given to one an estate with unlimited power of selling and otherwise disposing of the same in such manner as the devisee may think fit, a limitation over is inoperative and void by reason of its repugnancy to the principal devise.

*Wolfer* v. *Hemmer,* 144 Ill. 554, is a case in point. There, after quoting from Redfield on Wills and Kent's Commentaries, it is said (p. 560): "If, therefore, there be an absolute power of disposition given by the will to the first taker, as, if an estate be devised to A in fee, and, if he dies possessed of the property without lawful issue, the remainder over, or remainder over of the property which he, dying without heirs, should leave, or without selling or devising the same, in all such cases the remainder over is void as a remainder because of the preceding fee; it is void by way of executory devise because the limitation is inconsistent with the absolute estate or power of disposition expressly given or necessarily implied by the will. A valid executory devise cannot subsist under an absolute power of disposition in the first taker."

In *Jones* v. *Port Huron Threshing Co.* 171 Ill. 502, the will of the testator contained the following: "I give, devise

and bequeath to my son, Ward B. Jones, the following described real estate, to-wit, (describing it,) said Ward B. Jones to have and to hold said lands in fee simple, subject to the limitations and restrictions hereinafter in this will contained." The tenth clause contained, among others, the following restrictions: "I will and direct that said real estate above described, given to my said five children, and each and every piece and parcel thereof, shall be taken and held by my said children, respectively, without any power to sell or mortgage or create any liens upon the same, or any part thereof, for the period of thirty years after my decease, and I hereby prohibit any such sale or sales, mortgaging or creating, any lien or liens on said lands for said period of thirty years." The clause contained other restrictions, but it will not be necessary to state them here. The restrictions were held to be void. It is there, among other things, said (p. 507): "In a devise of land in fee simple a condition against all alienation is void because repugnant to the estate devised. (Citing authorities.) A restriction, whether by way of condition or of devise over or against alienation, although for a limited time, of an estate in fee, is likewise void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation."

Here, by the express terms of the first part of clause 3 the property of the testator was devised absolutely to his heirs-at-law, and his heirs-at-law, by the Statute of Descent, were his two children, the appellees. A devise of an estate in fee carries with it the power of alienation. Appellees, then, under the terms of the first part of clause 3, took an estate in fee with unlimited power of alienation. After the creation of an estate in fee in appellees, was the attempted limitation over to the heirs of testator's deceased father in the event of the death of testator's children intestate and without lawful issue and not surviving his wife, a valid provision, or was it void?

This limitation over must be sustained, if at all, as a remainder or as an executory devise. But the law is well settled that a remainder cannot be limited after an estate in fee. Where a fee has been devised, a limitation over, being inconsistent with the devise, is void. A person cannot invest one with an estate in fee in property and at the same time invest another with the same estate in the same property. Nor is the limitation over by way of executory devise valid, for the reason that the power to dispose of the estate by will, which was conferred on appellees by the third and fourth clauses of the will, is fatal to the existence of an executory devise. The rule is well settled that an executory devise cannot subsist where the first taker has the absolute power of alienation by deed or will. (*Jackson* v. *Robins, supra.*) It may be regarded as of the essence of an executory devise that it cannot be destroyed by any alteration in the estate out of which it may have been limited. (Fearne on Executory Devises, 51.) But here the executory devise was liable to be destroyed in the event appellees, the first takers, disposed of the property by will. Our attention has been called to no well considered case in which an executory devise was held to exist, where such power of alienation was conferred on the first taker as exists in this case.

After a careful consideration of the entire will we are satisfied that the testator intended to give the appellees an estate in fee, and the attempt to engraft an executory devise or limitation over upon the fee was incompatible with his original intention, and must be rejected as void.

But conceding that the limitation over, as provided in the third and fourth clauses of the will, is not void, the further question is then presented whether the remainder devised to the heirs-at-law of the testator's deceased father is still subsisting or is it barred by the decree in partition. It appears from the record that the bill in the partition case was filed by LeGrand S. Burton and Virginia B. Holmes against appellees, in which they

set up and alleged that S. Lester Burton had a child's undivided interest in fee in the estate of Stiles Burton, deceased; that S. Lester Burton had died, and his undivided share in the estate of Stiles Burton had become vested in the appellees under the will of said S. Lester Burton; that they held the fee simple title subject only to the dower interest of their mother, Adah F. Burton. To the bill of partition answer was put in by appellees, and the cause was referred to a master in chancery to report the proof and his conclusions.    The master took the evidence and filed his report, which was approved, and a decree for partition was made by the court and commissioners appointed to make partition of the estate of Stiles Burton, deceased. The commissioners examined the premises and made a partition among the several owners.    Upon the report of commissioners, the pleadings and the report of the master the court entered a final decree of partition, to the following effect:

"To LeGrand S. Burton in fee simple absolute, except as herein otherwise stated, lot 4 in block 12, in the Fort Dearborn addition to Chicago, also known as premises Nos. 76 and 78 Wabash avenue, but subject to the mortgage interest of Ann W. Burton hereinafter mentioned. (Certain other described lands were also confirmed in LeGrand S. Burton.)    To Virginia B. Holmes in fee simple absolute, except as herein otherwise stated, the south twenty-six feet of the north fifty-two feet of lot 8 in' block 12, in the fractional section 15 addition to Chicago, also known as premises No. 229 Michigan avenue, subject to the life estate of Ann W. Burton in and to an undivided one-third of said last described real estate. (Also other lands.)    To Sophia Burton Gagnon and Robert C. Burton *in fee simple absolute and in equal undivided interests*, but subject to the dower interest of Adah F. Burton as hereinafter set forth, and subject also to the payment hereinafter mentioned, lots 1, 2 and 3, except the south sixty feet thereof, in block 9, in the Fort Dearborn

addition to Chicago, also known as premises Nos. 57, 59 and 61 Lake street and Nos. 39 and part of 41 State street. All of the above parcels of land being situate in the city of Chicago, county of Cook and State of Illinois, and are set off to the respective parties in severalty, together with the improvements situated thereon; and the said parties to whom the above allotments are made are hereby severally invested with the titles to said land allotted severally to them, respectively, in fee simple absolute, except as herein otherwise stated. That no person or persons other than those above mentioned to whom said allotments are made have any interest in or title to the said lands, or any part thereof, in possession, remainder, reversion or otherwise, excepting that George S. Gagnon, husband of Sophia Burton Gagnon, has the same interest, by way of inchoate dower, in the parcel allotted to the said Sophia Burton Gagnon and Robert C. Burton that is assured to him by the laws of the State of Illinois, and that Mary F. R. Burton, wife of LeGrand S. Burton, has the same interest, by way of inchoate dower, in the parcels allotted to said LeGrand S. Burton that is assured to her by the laws of the State of Illinois, and excepting also the interests hereinafter set forth. And it is further ordered, adjudged and decreed that the said partition be made, and the same is hereby made effectual without the forms of conveyance by any of the parties to this suit; and said persons to whom said allotments are severally and respectively made are hereby severally and respectively invested with the title in fee simple absolute as allotted by said partition, and as fully and completely as if said title was conveyed according to said allotment to the person to whom such allotment is made and as if such conveyance was made by all the other parties to this suit, and that such partition is according to the rights and interests of all the parties to this cause, and is just and equitable."

LeGrand S. Burton and Virginia B. Holmes, the appellants, filed the bill and obtained the decree which set-

tled the title to the premises as indicated in the decree partition, and they are now, in defiance of the decree, attempting to assert an interest in the premises set off to appellees under an alleged executory devise in the will of S. Lester Burton, notwithstanding the court found and decreed that no person had any interest in or title to the premises set off to appellees, or any part thereof, in possession, remainder, reversion or otherwise, except as to dower of Adah F. Burton. Under the statute the court had the power to settle the title and rights of the parties to all the property involved in the partition proceeding, and when that was done the action of the court was final as between all parties to the proceeding.

It may, however, be claimed that at the time of the partition the estate limited to the heirs-at-law of the father of the testator was not a vested estate in LeGrand S. Burton and Virginia B. Holmes, but a mere contingent interest, which was not cut off by the decree in partition. In the construction of wills a remainder will be held to be vested unless a contrary intention on the part of the testator is clearly manifested by the terms of the will. As has been seen, the language of that part of the third clause of the will relied upon as creating a limitation over is as follows: "I will that after the death of my wife the residue and remainder shall be equally divided between the heirs-at-law of my deceased father." As a general rule, the "heirs" or "heirs-at-law" are those persons who answer this description at the death of the testator. (*Kellett* v. *Shepard*, 139 Ill. 433.) Who, then, were the heirs-at-law of the testator's deceased father at the time the testator died? They were LeGrand S. Burton, Virginia B. Holmes and the appellees. The persons, therefore, to take in the event of the death of the appellees intestate and without lawful issue were LeGrand S. Burton and Virginia B. Holmes, and no others. In the late case of *Harvard College* v. *Balch*, 171 Ill. 275, in passing on the question of contingent and vested remainders

it was held that a remainder is vested if by words of express limitation it is to take effect on the determination of a preceding particular estate and the person to take it is in being and ascertained. It is there said: "If the person to take a remainder is *in esse* and ascertained, and it is to take effect by words of express limitation on the determination of the preceding particular estate, it will be vested." Here the persons to take were in being and ascertained, and by the language of the limitation it was to take effect when the contingency indicated might happen. That was sufficient. The fact that the event was uncertain upon which the limitation over might become effectual was immaterial. In *Scofield* v. *Olcott*, 120 Ill. 362, in discussing the question it is said (p. 371): "It is the present capacity of taking effect in possession if the possession were to become vacant, and not the certainty that the possession will become vacant before the estate limited in remainder determines, that distinguishes a vested from a contingent remainder." In *Kellett* v. *Shepard, supra,* it is said (p. 443): "The reversionary estate vested in the heirs-at-law at the testator's death was liable to open to let in her (the daughter's) children, in case she should have any, but in the meantime it subsisted in the heirs for the purpose of drawing the possession to them in the event of her death without children." If, therefore, the limitation over was valid, as insisted by appellants, their interest in the estate was a vested one, which was cut off and barred by the decree in the partition proceedings.

The decree of the circuit court will be affirmed.

*Decree affirmed.*

CARTWRIGHT, C. J., and MAGRUDER and BOGGS, JJ., dissenting.

Mr. JUSTICE WILKIN: I concur in this judgment of affirmance, but do not consent to the construction placed upon the will of S. Lester Burton in the foregoing opinion.