JOHN KRON *et al.*

*v.*

AUGUST KRON.

*Opinion filed February 21, 1902.*

1. DEEDS—*when grantees in deed are both seized of the entirety.* If the grantees in a deed made and delivered prior to the Married Woman's act of 1861 are husband and wife they are neither joint tenants nor tenants in common, but both are seized of the entirety, and if one dies intestate the whole estate goes to the survivor.

2. SAME—*a limitation, by deed, of a fee after a fee granted is void.* A limitation of a fee after a fee granted is good by way of executory devise, but a grantor cannot pass title in succession to different persons in fee simple by deed.

3. SAME—*when limitation over by deed is void.* If a deed made prior to the Married Woman's act of 1861 grants the estate to a husband and wife "and to their heirs and assigns forever," a subsequent limitation over upon the condition that the grantees still owned the land at the death of the survivor is repugnant and void.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. WILLIAM HARTZELL, Judge, presiding.

WINKELMANN & BAER, (CHARLES W. MORRISON, of counsel,) for plaintiffs in error.

A. C. BOLLINGER, and H. CLAY HORNER, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 19, 1854, William R. Morrison and Mary Jane, his wife, by their warranty deed of that date conveyed to Peter Scheidel and Henrietta Scheidel a tract of land in Monroe county for a consideration of $2000. The granting clause of the deed is as follows: "Have granted, bargained and sold, and by these presents do grant, bargain, sell, alien and confirm unto the said Peter Scheidel and Henrietta Scheidel, to their heirs and assigns forever, all the real estate herein described, to-wit." Then follows the description, after which is this clause: "And

should said Peter Scheidel and Henrietta Scheidel own the land above described after each of their decease, then the same shall descend in equal parts to the children of said Peter and Henrietta Scheidel they may have and hereafter have, and also the children of the said Henrietta Scheidel by her first husband, by name Christian Kron, being three in number, by name John Kron, August Kron and Johanna Kron, situated and being in the county of Monroe, State of Illinois. To have and to hold said real estate, with all privileges and appurtenances thereunto belonging or in anywise appertaining, unto him, the said Peter Scheidel and Henrietta Scheidel, as above stated, forever." The grantees in the deed were husband and wife and they did not dispose of the property. Henrietta Scheidel died intestate in 1890 and Peter Scheidel died intestate in 1900. Henrietta Scheidel had the three children named in the deed by her former husband, and there was one child of her marriage with Peter Scheidel, named Peter Scheidel, Jr., the only heir-at-law of Peter Scheidel. August Kron filed his bill in this case for a partition of the land described in the deed, claiming that the title had passed, by virtue of the deed, to the complainant and John Kron, Johanna Kron (now Johanna Stroh) and Peter Scheidel, Jr. The bill was answered by Peter Scheidel, Jr., claiming to be the exclusive owner of the property as the only heir of Peter Scheidel. In addition to the facts above stated, it was proved that Henrietta Scheidel paid the consideration named in the deed. The court held the conditional limitation over in the deed to be void and that Peter Scheidel, Jr., was the owner of the land, and dismissed the bill at the cost of complainant. From that decree the case was brought to this court.

The grantees in the deed being husband and wife and the estate conveyed having vested prior to the Married Woman's act of 1861, the estate passed to them by the entirety. They were neither joint tenants nor tenants in common, but both were seized of the entirety, and the

whole estate granted, upon the death of Henrietta Scheidel, passed to the survivor, Peter Scheidel. (*Mariner* v. *Saunders,* 5 Gilm. 113; *Tuck* v. *Downing,* 76 Ill. 71; *Lux* v. *Hoff,* 47 id. 425.) After the death of Henrietta Scheidel, the surviving husband, Peter Scheidel, succeeded to the entire estate granted as though he had been the sole original grantee, and if that estate was a fee simple absolute it passed to his heir, Peter Scheidel, Jr. The question in the case is whether the limitation over in the deed was valid. It is the settled law of this State that a limitation, by deed, of a fee after a fee granted, is void. Such a limitation is good by way of executory devise, but a grantor cannot pass title in succession to different persons in fee simple by deed. (*Ackless* v. *Seekright,* Breese, 76; *Palmer* v. *Cook,* 159 Ill. 300; *Glover* v. *Condell,* 163 id. 566; *Strain* v. *Sweeny,* id. 603; *Stewart* v. *Stewart,* 186 id. 60.) There can be no question that by this deed the fee simple was first granted to Peter Scheidel and Henrietta Scheidel. The grant was to them and to their heirs and assigns forever. The words used are words of limitation, which, by the common law, convey the fee, leaving no more for construction. That was not only done by the grant, but was further implied in the condition, "and should said Peter Scheidel and Henrietta Scheidel own the land above described after each of their decease." The attempted limitation over is only upon condition that the grantees should own the land at the death of the survivor, in which event it should descend in a certain way. By the words of conveyance the grantors parted with the entire estate, leaving nothing in themselves to limit over, and then attempted to reduce the fee to a less estate and control its descent at the death of both the grantees, if they should continue to be the owners. The conditional limitation is repugnant to the grant, and void.

The decree of the circuit court is affirmed.

*Decree affirmed.*