ROBERT B. WALLACE

*v.*

LANA BOZARTH.

*Opinion filed October 23, 1906.*

1. WILLS—*when will passes life estate to widow.* A clause of a will reading, "all the rest and residue of my property * * * I give, devise and bequeath absolutely and in fee simple to my wife, Samantha Poole, for life, after her death to be equally divided between my three heirs," naming them, passes only a life estate to the widow with remainder to the named heirs. (*Burton* v. *Gagnon,* 180 Ill. 345, explained.)

2. SAME—*when devise for life does not carry power of disposition.* A devise for life with a limitation over after the life estate does not carry with it a power of disposition or alienation where the will does not purport to give such power.

3. ASSUMPSIT—*what does not excuse liability upon ground of agency.* One who participates in the settlement of an estate with knowledge of the terms of the will, and who distributes money to himself and his brothers and sisters which he knows belongs to the remainder-men named in the will, cannot excuse himself from liability, when sued in assumpsit, upon the ground that he was merely acting as agent for the life tenant, his mother, and was only carrying out her directions.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Morgan county; the Hon. O. P. THOMPSON, Judge, presiding.

WILLIAM A. CRAWLEY, for plaintiff in error.

JOHN A. BELLATTI, and GEORGE W. GOVERT, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Samuel Poole, a resident of Gage county, Nebraska, died on June 26, 1901, leaving a will which contained the following provision:

"*Third*—All the rest and residue of my property, real, personal or mixed wheresoever situated which I now own or may hereafter acquired of which I shall die seized or possessed I give, devise and bequeath absolutely and in fee simple to my wife, Samantha Poole, for life, after her death to be equally divided between my three heirs, William B. Poole, Mary Vannier, and Lana Bozarth."

Samuel Poole had been married three times and one child of each marriage survived him. They were the persons named in the will as his three heirs. The widow, Samantha Poole, who also survived him, was named as executrix. The will was admitted to probate in the county court of Gage county and letters testamentary were issued to the widow. She had four children of a previous marriage, Robert B. Wallace, Richard Wallace, Warren Wallace and Armenia Funk. After the death of her husband she removed to this State. There was real estate worth about $18,000 and a still larger amount of personal property. Robert B. Wallace handled the funds of the estate and assisted his mother in the management of the property and in the proceedings in the county court. The estate was settled and the executrix was discharged on September 4, 1902. Upon the final settlement the county court entered a decree finding that the widow, Samantha Poole, had an estate for life in the personal and real estate disposed of by the third clause of the will, and that at the termination of the life estate said residue would pass to William B. Poole, Mary Vannier and Lana Bozarth, to each an undivided one-third. In October, 1902, the widow distributed to her four children of her former marriage, Robert B. Wallace, Richard Wallace, Warren Wallace and Armenia Funk, $8000 of the funds of the estate, giving $2000 to each. She died about April 22, 1903, and a day or two before her death she directed another distribution from the funds of the estate, as follows: $2000 to Robert B. Wallace; $1000 to his wife for kindly care for his mother; $1000 to defray expenses for caring

for the grave of his deceased brother, and $2000 each to Richard Wallace, Warren Wallace and Armenia Funk. She gave to Robert B. Wallace certificates and drafts to the amount of $8000, out of which he gave $2000 to Richard Wallace and $2000 to Warren Wallace after her death. She had certificates of deposit amounting to $2000 intended for Armenia Funk, but whether she delivered them before her death to Mrs. Funk or Robert B. Wallace did so afterward was a controverted question between the parties. All of the funds so given away by the widow belonged to the estate, and defendant in error, Lana Bozarth, claiming that she was entitled to one-third of the same, brought a suit in the circuit court of Morgan county against Robert B. Wallace on the common counts in assumpsit to recover the same. The cause was submitted to the court without a jury, and the court found that the plaintiff in error was liable for the $4000 he received for himself, the $1000 given to him for his wife, the $1000 received to be expended in caring for the grave of his brother, the $2000 paid to each of his brothers after his mother's death, and $2000 which the court found was delivered by him to Armenia Funk, amounting in all to $12,000. The court allowed him a credit of $122.28 and gave judgment against him for one-third of the remainder as the share of defendant in error. The Appellate Court for the Third District affirmed the judgment, and a writ of error was sued out from this court to the Appellate Court to review the judgment of affirmance.

The points relied on for a reversal of the judgment are: First, that the will of Samuel Poole gave an absolute estate to his widow, and the attempted limitation over to his children was void; second, that the defendant was not liable for the reason that he merely carried out the instructions of his mother; and third, that, as a matter of fact, the $2000 given to Armenia Funk, which the court charged him with, did not pass through his hands, but was given by his mother, in her lifetime, to Mrs. Funk.

The first question was presented to the trial court by the first and second propositions of law which were refused. In our opinion the court did not err in refusing to hold, as requested, that the widow took a fee simple title and that there was no remainder over to the children of the testator. The will did not purport to give to the widow an estate of inheritance, and while the testator used the words "absolutely and in fee simple," the estate was for life only, with a limitation over to the three children after the termination of the life estate. There can be no question what the intention of the testator was, and no rule of law interferes with carrying out that intention. The decision in the case of *Burton v. Gagnon,* 180 Ill. 345, so far as it placed a construction upon the will involved in that case, was the opinion of three justices only. Three of the justices dissented from the judgment and a fourth did not consent to the construction placed upon the will. That decision is not authority for holding that a devise of property like this one, for life with a limitation over after the life estate, carries with it an absolute power of disposition or alienation where the will does not purport to give such a power. The property disposed of by the widow in her lifetime was property in which she had only a life estate with remainder to the three children of Samuel Poole named in the will, and the funds disposed of by the defendant after her death were the absolute property of said children.

The fifth and sixth propositions submitted to the court and refused raised the question whether the defendant was liable for the money which he distributed after his mother's death in pursuance of her direction. It is contended that he was not liable for the reason that he merely carried out instructions given to him. The funds which he dealt with and distributed after his mother's death were not distributed as her agent, the agency having ceased with her death. But if it were otherwise, defendant could not exonerate himself from liability to the owners of the property by showing that

he was an agent. He would be none the less liable to the plaintiff and the other legatees because of the fact that he received directions from his mother to give part of their property to his brothers and sister and to retain a portion himself. He participated in the settlement of the estate, and not only knew the terms of the will but also knew of the final decree of the county court in Nebraska. After his mother's death he knew that even her life estate in the property had ceased and that she could not direct a disposition of the property. Having distributed funds he knew to be the property of others, he could not rely upon the direction of his mother nor exempt himself from liability on the ground that he was a mere agent.

The seventh and eighth propositions presented by defendant were not propositions of law but of fact, and were to the effect that the sum of $2000 received by Mrs. Funk in the last distribution was not delivered to her by the defendant, but that she received the amount from her mother. The court refused to hold those propositions correct and found the controverted question of fact in favor of the plaintiff. The judgment of the Appellate Court has finally settled that question and it is not subject to review here.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*