MONTANA WILLIAMS, Defendant in Error, *vs.* ALVIN O. ELLIOTT *et al.*—(ELIZA GREEN, Plaintiff in Error.)

*Opinion filed October 28, 1910.*

1. WILLS—*devise of fee simple may be limited by a subsequent provision.* Although an estate in fee simple is devised it may be limited by a subsequent valid provision that the estate shall go over to others upon the happening of a certain contingency, and in such case the estate so limited is still a fee, as it will last forever if the contingency does not happen, but so long as it is possible that the contingency may happen it is a base or determinable fee.

2. SAME—*contingency of death of first devisee without issue is a valid one.* One of the contingencies upon which a limitation of a prior devise in fee simple may rest is the death of the first devisee without issue, and in so far as the executory devise depends upon the death of the first devisee without issue it is valid.

3. SAME—*executory devise is indestructible by any act of first devisee.* An executory devise is indestructible by any act of the owner of the preceding estate, and hence if the first devisee has an estate which he can convey in fee simple by virtue of his ownership, so as to destroy the attempted limitation over, such limitation is void.

4. SAME—*addition of a power of sale does not increase estate.* The addition of a power of sale to an estate does not, of itself, increase the estate.

5. SAME—*determinable quality of fee follows its transfer.* If the owner of a base or determinable fee conveys in fee simple, the determinable quality of the fee follows the transfer.

6. SAME—*where there is an absolute power of disposition an attempted executory devise is void.* If there is an absolute power of disposition in the first devisee an attempted limitation over is void as a remainder because the first devisee has the entire estate, and is also void as an executory devise because the limitation is inconsistent with the absolute estate or power of disposition. (*Burton* v. *Gagnon,* 180 Ill. 345, explained.)

7. SAME—*when executory devise is void.* Where a remainder in fee simple is devised to the niece and three daughters of the testator in equal shares, an attempted limitation providing that in case the niece "shall not dispose of the said estate devised to her, by will or otherwise, before her death, and should die without issue, seized of the estate," then the estate devised to her shall go to and vest in the three daughters, is void because the niece has an absolute power of disposition, freed from the limitation over. (*Friedman* v. *Steiner,* 107 Ill. 125, explained.)

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding.

SHEEAN & SHEEAN, for plaintiff in error.

RALPH E. EATON, (FRANKLIN J. STRANSKY, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John Laughrin died on March 11, 1901, leaving a last will and testament, dated February 26, 1884, which was admitted to probate in the county court of Jo Daviess

county. By the will he devised about 260 acres of land in said county to his wife, Margaret Laughrin, for life, and devised the remainder after the said life estate as follows: "Subject to the provisions of the said second clause of my will and the rights of my wife as therein specified, I give, devise and bequeath unto my niece, Phœbe W. Price, and unto my children, Mary Fitzsimmons, Montana Laughrin and Rachael Laughrin, share and share alike, all my estate, real, personal and mixed, of every name and kind and wherever situated, that exists after the decease of my wife, aforesaid, to have and to hold the same unto the said Phœbe W. Price, Mary Fitzsimmons, Montana Laughrin and Rachael Laughrin, and their heirs and assigns forever. But in case the said Phœbe W. Price shall not dispose of the said estate devised to her, by will or otherwise, before her death, and should die without issue, seized of said estate, then said estate herein by this will devised to said Phœbe W. Price shall go to and vest in the said Mary Fitzsimmons, Montana Laughrin and Rachael Laughrin, share and share alike, to be held by them and their heirs and assigns forever." Rachael Laughrin, one of the daughters, became the wife of Alvin O. Elliott, and died on November 10, 1899, intestate, leaving her husband and her children, True Elliott and Edna Elliott, surviving her. The testator left surviving him Margaret Laughrin, his widow; Montana, his daughter, who had been married and whose name was then Montana Williams; Mary Fitzsimmons, his daughter; Edna Elliott and True Elliott, his grandchildren, and Phœbe W. Price, his niece, devisees under the will, the grandchildren taking the place of their mother by virtue of the statute. Phœbe W. Price died intestate in June, 1903, without having disposed, by will or otherwise, of the land devised to her, and she left her sister, Eliza Green, her only heir-at-law. Margaret Laughrin died on February 15, 1907, and her life estate terminated. On May 15, 1909, Montana Williams filed her bill in the cir-

cuit court of Jo Daviess county, alleging that the title to said lands had become vested in herself and Mary Fitzsimmons, Edna Elliott and True Elliott in fee simple, making Eliza Green and all other parties interested defendants and praying for partition. Eliza Green answered, alleging that Phœbe W. Price became seized, by virtue of the will, of an estate in fee simple to an undivided one-fourth of the lands, subject to the life estate of the widow; that the limitation over in case she should die without issue, seized of the estate and not having disposed of the same by will or otherwise, was void, and that said estate was then vested in the said defendant, Eliza Green, as only heir-at-law of said Phœbe W. Price. Eliza Green also filed a cross-bill, making the same averments and praying for partition accordingly. The chancellor sustained exceptions to the said answer and a demurrer to the cross-bill and ruled said defendant to file a sufficient answer instanter. She stood by her answer and cross-bill and refused to answer further, whereupon the original bill was taken as confessed by her and the cause was referred to the master in chancery. Upon the coming in of the report of the master the chancellor found and decreed in accordance with the allegations and prayer of the original bill. Eliza Green sued out a writ of error from this court to bring the record here for review, and joined her co-defendants with her as plaintiffs in error by virtue of the statute. The parties having all been brought into court, an order of severance was entered, and Eliza Green prosecutes the writ of error alone.

By the will the testator devised to his niece and his three daughters, and their heirs and assigns forever, the real estate in question in equal shares, subject to the life estate of his wife, Margaret Laughrin. This devise was in fee simple, but was followed by a provision that the estate devised to Phœbe W. Price should go to the three daughters in equal shares, in fee simple, if the said Phœbe W. Price should not dispose of said estate, by will or other-

wise, before her death, and should die without issue, seized
of said estate. If the executory devise was valid, the plain-
tiff in error, Eliza Green, has no interest in the real estate,
but if it was void, the undivided one-fourth descended to
her as the heir-at-law of Phœbe W. Price.

Although an estate in fee simple is devised it may be
limited by a subsequent valid provision that the estate shall
go over to others upon the happening of a certain contin-
gency. The estate, when so limited, is still a fee, for the
reason that it will last forever if the contingency does not
happen, but so long as it is possible that the contingency
may happen it is a base or determinable fee. One of the
contingencies upon which such a limitation may lawfully
rest is the death of the first devisee without issue, and so
far as the executory devise in this case depended upon
the death of Phœbe W. Price without issue it was valid.
*Ackless* v. *Seekright,* Breese, 76; *Summers* v. *Smith,* 127
Ill. 645; *Smith* v. *Kimbell,* 153 id. 368; *Strain* v. *Sweeny,*
163 id. 603; *Lombard* v. *Witbeck,* 173 id. 396; *Gannon* v.
*Peterson,* 193 id. 372; *Johnson* v. *Buck,* 220 id. 226.

There is, however, an equally unquestioned rule of law
that an executory devise cannot be created if the estate de-
vised to the first devisee is such that he can, by virtue of
his ownership, alienate the estate in fee simple. An execu-
tory devise is indestructible by any act of the owner of the
preceding estate, and if the owner of a determinable fee
conveys in fee, the determinable quality of the fee follows
the transfer. (4 Kent's Com. 10; *Smith* v. *Kimbell, supra.*)
It necessarily follows that if the first devisee has an estate
which he can convey in fee simple so as to destroy an at-
tempted limitation over, such limitation is void. If there
is an absolute power of disposition in the first devisee the
limitation over is void as a remainder because of the pre-
ceding fee, since a remainder implies something left, and
there can be nothing left after a devise in fee simple. It is
also void as an executory devise because the limitation is in-

consistent with the absolute estate or power of disposition.
(4 Kent's Com. 270; 2 Redfield on Wills, 69; *Welsch* v.
*Belleville Savings Bank,* 94 Ill. 191; *Hamlin* v. *United
States Express Co.* 107 id. 443; *Wolfer* v. *Hemmer,* 144
id. 554.) . The majority of the court in the case of *Burton*
v. *Gagnon,* 180 Ill. 345, did not agree that a simple devise
to the heirs-at-law of the testator, who were his two chil-
dren, coupled with the limitation over, carried with it a
power of alienation free from the limitation, as stated in
the opinion filed, but the decision is authority for the doc-
trine that where there is an absolute power of disposition
an attempted executory devise is void. By the will in this
case Phœbe W. Price had an absolute power of disposition
of the estate devised to her, by will or otherwise, as she
might choose, freed from the limitation over, and the at-
tempted executory devise was based upon the contingency
that she should be seized of the estate at her death and
should not have disposed of the same, by will or otherwise.
The attempted executory devise was therefore void and she
was vested with an estate in fee simple in the lands, sub-
ject only to the life estate of the widow.

In the case of *Friedman* v. *Steiner,* 107 Ill. 125, there
was a devise of the rest and residue of the estate to the
testator's wife and unto her heirs and assigns forever, to
the total exclusion of any and all person or persons what-
soever, but upon the condition that if she should die intes-
tate and without surviving lawful issue, said estate should
be converted into money by the executor and paid as di-
rected by the will. The court recognized the rule that an
executory devise is void where there is an absolute power
of disposition given by the will, but adjudged that the
widow had not only a determinable fee, but was clothed
with unlimited power of alienation in fee simple, and by
necessary implication from the language of the will had a
power other than that incident to the ownership of a base
or determinable fee. The court found in the will the power

annexed to the estate, and, of course, a power of sale added to an estate does not increase the estate. (*Ducker* v. *Burnham,* 146 Ill. 9; *Walker* v. *Pritchard,* 121 id. 221.) In determining the estate of Mrs. Steiner the court held that one who is merely the owner of a base fee can convey no more but that she had power to convey in fee simple, or, declining to exercise the power, might convey the determinable fee which she held. Her power to convey in fee simple was not regarded as an incident of her ownership, but was a power distinct from the right of property. In *Orr* v. *Yates,* 209 Ill. 222, the court said that so far as the opinion in the *Friedman case* announced a doctrine different from the established one concerning the power of the owner of a determinable fee to make a conveyance it had not been approved, and in the case then being considered it was held that the language, "if not disposed of by Mary Maria Yates," could not be construed to give her an unqualified power of disposition or any power whatever, and that counsel in the case did not so contend. In the *Friedman case,* and perhaps other cases, an executory devise depending upon intestacy and the failure of issue has been considered valid, but there has been no one in which such a devise has been sustained if there was an absolute power of alienation in fee simple by the first devisee at his own discretion and as owner of the estate.

The decree is reversed and the cause is remanded to the circuit court, with directions to overrule the exceptions to the answer of the plaintiff in error, Eliza Green, to overrule the demurrer to her cross-bill and require an answer thereto; and to proceed further in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*