### Minnie Clark Emmitt and H. I. Emmitt, Appellants, v. John I. Clark et al., Appellees.

1. WILLS, § 228*—*when will construed as a whole.* A will must be construed as a whole and effect be given to all of its language.

2. WILLS, § 360*—*when life estate created.* A life estate only is created by a devise of property to a person "to be used by him as he sees fit during his life time," the remainder to be divided among other persons or the heirs of their bodies, at the death of the life tenant.

3. LIFE ESTATES, § 5*—*when trustee appointed for life bequest of personalty.* A trustee is properly appointed to take possession of the share of a life tenant under a will directing the sale of the testator's property and a division of the proceeds.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Emmitt et al. v. Clark, 193 Ill. App. 561.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

WELTY, STERLING & WHITMORE, for appellants.

O'CONNELL & DOLAN, for appellee, William L. Clark.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is a bill to construe the fourth and fifth clauses of the will of Sylvia A. Clark, deceased, viz.: "Fourth: after all the above bequests and debts are settled, then the residue of the money to be divided into three equal parts, one-third to be paid to William C. Clark, my son, and one-third to be paid to my daughter, Minnie Clark Emmitt. These bequests are in fee simple.

"Fifth: One-third (the remainder) is to be given to my son, John I. Clark, to be by him used as he sees fit during his life time, and at his death any residue of said estate shall be divided share and share alike with my son, William L. Clark, and my daughter, Minnie Clark Emmitt, or the heirs of their bodies." John I. Clark is a nonresident of the State, a wanderer. A few days after the death of the testatrix, he attempted to sell and convey absolutely his interest in the estate to a brother-in-law, who is also a nonresident, for three hundred dollars. The will directed that the estate be converted into personal property. The bill was filed by Minnie Clark Emmitt, one of the children of the testatrix, and by her husband an assignee of the interest of John I. Clark, another of said children in said estate. The bill charged that the will gave John I. Clark an absolute estate in the property given him by his mother, and that the assignment of his interest to said H. I. Emmitt passes a good and absolute title in the same to said Emmitt.

William L. Clark demurred to the bill, which the court overruled. He then filed an answer alleging that the said will created only a life estate in said John I. Clark, and with said answer filed a cross-bill setting up that the estate of John I. Clark was one for life and asking for the appointment of a trustee to secure and hold the part of the estate going to said John I. Clark during the lifetime of the said John I. Clark.

To the cross-bill the appellants demurred. The court overruled the demurrer and the complainants stood by their demurrer. The cause was then referred to the master in chancery.

The master made report finding that the fifth clause of the will of the said Sylvia A. Clark gave to John I. Clark a life estate. He also found that the words "to heirs of their bodies" in said will meant children, and that said fund given to the said John I. Clark should be held until the termination of said estate for the purpose of determining who answers that description at that time.

The master also found that John I. Clark survived his mother, and that by the written assignment made by said John I. Clark to H. I. Emmitt, he assigned all his interest in his mother's estate to the said H. I. Emmitt, and that under the terms of the will of the said Sylvia A. Clark the executor had full power to sell and convey the real estate and personal property left by the said Sylvia A. Clark, and the master also recommended that a trustee be appointed. The objections were overruled and by agreement stood as exceptions before the court.

The court overruled the exceptions and entered a decree finding that the interest of the said John I. Clark in said estate was but a life estate without power of sale; that a trustee be appointed to hold the interest of the said John I. Clark in said estate during the lifetime of the said John I. Clark; to loan the same,

pay the net income therefrom to H. I. Emmitt, and upon the death of John I. Clark pay one-half of the principal sum of said fund to Minnie Clark Emmitt, or if she be dead to the heirs of her body, and the other half to William L. Clark, or if he be deceased, to the heirs of his body, from which decree appellants prayed and were allowed an appeal to this court.

We think the court properly construed the will. The will must be construed as a whole, and effect given to all the language in it. The fifth clause gives to John I. Clark a life estate only. The words "to be by him used as he sees fit" have reference to the life use of the estate and not to the *corpus* of the estate. *Welsch v. Belleville Sav. Bank,* 94 Ill. 191; *Dickinson v. Griggsville Nat. Bank,* 209 Ill. 350; *Wallace v. Bozarth,* 223 Ill. 339.

The words "during his lifetime" must be given effect. *Vanatta v. Carr,* 223 Ill. 160. The expression in the fourth clause, "These bequests are in fee simple," tends to show that the bequest in the fifth clause was only a life estate. The seventh clause also shows the intention of the testatrix. If John died before her then the bequest went to the other two children although John had children. The court properly appointed a trustee and it properly ordered the whole of the interest of John I. Clark in the estate of his mother to be paid to the trustee. The decree is affirmed.

*Affirmed.*