MARTHA ISABELLA ASHBY, Appellee, vs. ROBERT McKIN-
LOCK, Appellant.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. WILLS—*use of word "heirs" was not necessary to pass estate
of inheritance at common law.* The use of the word "heirs" was
not necessary, at common law, in order to pass an estate of inher-
itance by devise, although it was necessary in a conveyance.

2. SAME—*when section 13 of Conveyances act cannot be re-
sorted to in construing will.* If a will uses words which were suf-
ficient, at common law, to pass an estate of inheritance by devise,
section 13 of the Conveyances act will not be resorted to in de-
termining the estate devised by the will.

3. SAME—*when estate devised cannot be cut down to a life es-
tate.* If the language used in devising the testator's estate to his
niece is sufficient to pass a fee simple estate of inheritance at com-
mon law such estate cannot be cut down to a life estate by sub-
sequent provisions of the will, but any limitation upon the estate
after the death of the niece must be given effect, if at all, as an
executory devise.

4. SAME—*an executory devise defined.* An executory devise is
such a limitation of a future estate and interest in lands as the
law admits in case of a will though contrary to the rules of limi-
tations in conveyances at common law, and it is permissible, by
way of executory devise, to limit a fee after a fee.

5. SAME—*there may be two kinds of executory devises relative
to real estate.* An executory devise may be created where the de-
visor parts with his whole estate but upon some contingency quali-
fies the disposition of it and limits an estate on that contingency,
or where the testator gives a future interest, to arise upon a con-
tingency, but does not part with the fee in the meantime.

6. SAME—*will construed as passing fee simple estate subject to
valid executory devises.* Where the testator devises all of his es-
tate to his niece (naming her) and declares it to be his intention
to make her his sole heir the niece takes a fee simple estate, but
later clauses which provide that if the niece shall marry and leave
no issue then the estate shall go to the testator's brothers and sis-
ters or their children, and that if she leaves issue at her death then
the estate shall go to such issue, are valid executory devises quali-
fying the devise to the niece but not reducing it to a life estate.

APPEAL from the Circuit Court of Cook county; the
Hon. RICHARD S. TUTHILL, Judge, presiding.

CHAUNCEY N. CLEMENTS, and ARTHUR B. CLEMENTS, for appellant.

CUTHBERT D. POTTS, (EDWARD ROBY, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This is a bill in chancery filed by appellee, Martha Isabella Ashby, and her husband, in the circuit court of Cook county to enforce the specific performance of a contract for the sale of real estate by appellee to appellant. The property is known as lots 39 and 40, block 25, of the West Chicago Land Company's subdivision of the city of Chicago. Appellee claimed to own the real estate and entered into a written contract to sell it to appellant for $750. One hundred dollars was paid in cash as earnest money, to be applied on the purchase price when the sale was consummated, and appellant agreed, within five days after the title had been examined and found good or accepted by him, to pay the remainder of the purchase price upon the delivery to him by appellee of a warranty deed conveying to him a good and merchantable title, unincumbered. The contract bound appellee to furnish an abstract showing merchantable title in the vendor within a reasonable time, and in case defects were found in the title and reported, if they were not cured within sixty days after notice thereof the contract was to become void, at the option of appellant, and the earnest money returned. Appellant would not accept the title shown by the abstract and refused to consummate the purchase. Appellee tendered him a warranty deed, and upon his refusing to accept it and complete the purchase filed a bill for specific performance. The bill alleged appellee, Martha Isabella Ashby, was the owner in fee simple of the real estate, free from incumbrances; that she was ready, willing and able to comply with the contract but that appellant refused

to comply with the same on his part. She claimed title to the land by devise from her uncle, Henry Kerr, who died in August, 1899, seized in fee simple of the premises, and a copy of the will was set out in the bill. The answer denied Martha Isabella Ashby was the owner in fee of the property by virtue of the devise in said will, and averred that a less interest than a fee simple estate of inheritance was limited by express words or appeared by construction or operation of law; that the devisee in said will took only an estate for her life in the land described in the will and in the contract here sought to be enforced. No controverted questions of fact were raised, and the chancellor decided the case upon the pleadings, will, certificate of its probate, letters testamentary, the contract of sale between the parties and the deed tendered appellant by appellee. The decree finds that Martha Isabella Ashby, whose maiden name was Kerr, by the will of Henry Kerr became the owner of the property in controversy in fee simple; that she is now the owner of it and has a good merchantable title thereto free from liens or incumbrances, and has lawful authority to sell and convey the same, wherefore it was decreed that appellant perform the contract on his part by accepting the deed tendered and paying the balance of the purchase money, $650. This appeal is prosecuted by defendant.

The case depends upon the construction to be given the will of Henry Kerr, deceased. Said will is as follows:

"*July 9th, 1894.*          CHICAGO, ILL., COOK COUNTY.
"*In the name of God, Amen.*

"(1) I, Henry Kerr, of the city of Chicago, county of Cook and State of Illinois, do hereby make my only will and last testament.

"(2) Being of sound mind and in good health, thought I would dispose of my estate before sickness or bad health would set in.

"(3) I therefore will and bequeath all my estate, both real and personal, to my beloved niece, Martha Isabella Kerr, daughter of my sister, Rosanna Kerr, of Millbank, Canada, and do make her my sole heir of all my earthly possessions, without bond or surety.

"(4) She has left all to take care of me, and to keep house for me, her uncle; and be it further understood that I am under no obligations to anyone else, in any form or manner, but to the said

Martha Isabella Kerr, therefore I will and bequeath all to her and she shall collect all rents for her own use.

"(5) Subject, however, to the following: That she, my said heir, shall pay to her four sisters $100 each, and also $100 each to my brother Tomy's two children, making $600 in all. This is to be paid as soon after my death as is convenient. Names of her sisters are, Anna, Gretta, Mary and Winnie Kerr; and names of my brother Tomy's children are Franke and Rosie Kerr.

"(6) Now the reason for me making my niece, Martha Isabella Kerr, my sole heir is, that she has left her home and given up her youthful days and sacrificed youthful pleasure for the sake of keeping house for me, her uncle.

"(7) Now, it will be binding on my heir that she shall keep all taxes paid and keep said estate in good repair.

"(8) And be it further understood, that if my said niece and heir should marry and leave no issue, then said estate shall go to my brothers and sisters or their children.

"(9) If my said niece and heir should leave living issue at her death then said estate will go to said issue, but her husband shall have no part or parcel out of said estate,—not so much as one dollar in any way or form whatever.

"(10) Said estate is located at 307 and 305 Campbell avenue, and also 1169 and 1173 Wilcox avenue; and also two lots, number 39 and 40, block 25, in Chicago Land Company subdivision. Have abstracts to the above property. All the above property is free from mortgage and is clear from all and any indebtedness whatsoever.

"(11) Now, I desire to be interred with my dear wife, at Toledo, Ohio, and desire a plain headstone, same as over my wife's grave, said expense to come out of said estate.

HENRY KERR, *Testator.*"

It is contended by appellant that if the first clauses of the will are sufficient to pass a fee simple estate, such estate is cut down to a life estate in appellee by the provisions of clause 8, which it is claimed are repugnant to the former provisions. By clause 3 testator wills and bequeaths "all my estate, both real and personal," to appellee, and declares it his intention to make her his sole heir. Clauses 4 and 6 express the reasons for so doing. Clause 5 subjects or charges the estate devised to appellee with the payment of specific bequests. Clause 7 need not be noticed, except that the testator therein refers to appellee as "my heir," as he also does in clauses 8 and 9. Upon reading the entire will,

271 – 17

and particularly the first seven clauses thereof, it clearly appears it was the testator's intention to convey to appellee a fee simple estate. The words used in the third clause, "will and bequeath all my estate, both real and personal," and the expressed intention to make the devisee the testator's "sole heir," are sufficient to pass the fee. The language of the will shows it to have been testator's intention the devisee should stand in the place of his heir. In a grant or conveyance, *inter vivos,* of real estate at common law, the use of the word "heirs" was necessary to convey an estate of inheritance. (Tiedeman on Real Prop. sec. 30; 4 Kent's Com.—12th ed.—5.) The use of such word was not necessary, however, to pass an estate of inheritance by devise at common law; (Tiedeman on Real Prop. sec. 30; 4 Kent's Com.—12th ed.—7;) and it has been held that a gift of all of testator's "estate" or "property," when used to describe the nature of the estate granted, passed a fee simple estate. (Page on Wills, sec. 561; *Jackson* v. *Robins,* 15 Johns. 537.) By section 13 of the Conveyance act (Hurd's Stat. 1913, p. 531,) it is provided: "Every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words, or do not appear to have been granted, conveyed or devised by construction or operation of law." Since the passage of this act, in 1845, if an estate is transferred to a person, either by deed or by will, without the use of the word "heirs," where the use of such word to pass an estate of inheritance was required at common law, the transferee will take an estate of inheritance, unless it appears from the instrument, by express words or by construction or operation of law, that a less estate than a fee is limited.

Appellee insists that since the words used in this will are sufficient to pass an estate of inheritance at common law, and since the provisions of section 13 before set out

need not be resorted to in order to vest a fee simple estate of inheritance in appellee, the estate granted by the third clause of the will cannot be cut down or limited to a less estate by express words or by operation of law, as provided in said section 13, and that clause 8 being an attempted cutting down of the fee simple estate previously granted, is repugnant, void and of no effect. Clauses 8 and 9, construed together and with reference to the entire will, clearly show it was the testator's intention that appellee should take his entire estate in fee simple and that upon her death leaving issue the same should go to such issue. He further provided that if appellee should die and leave no issue surviving at her death the property should then go to testator's brothers and sisters or their children, but that in no event should the husband of appellee have any part or parcel of said estate. Having given appellee the fee simple title to the property, as testator clearly did by the use of words which were sufficient to convey a fee simple estate of inheritance at common law, any attempt of the testator to cut down the estate granted to a life estate in appellee with remainder over to her issue surviving her, if any, and if none, then to testator's brothers and sisters or their children, could not have the effect of limiting the estate devised to less than a fee. In *Wolfer* v. *Hemmer,* 144 Ill. 554, and *Lambe* v. *Drayton,* 182 id. 110, the devises were in each case to the wife of the testator, "her heirs and assigns." By subsequent clauses in the wills the testators attempted to cut down or limit the estates of inheritance given the wives, and in both cases such attempt was held void because the words used devising the fee were such as would pass a fee at common law. In both those cases the limitation was held void as executory devises, for the reason that the first devisee was given unlimited power of disposition of the entire estate. An executory devise cannot be created where the estate given the first devisee is such that he can alienate it in fee simple. An executory devise is indestructible by the

owner of the preceding estate. (*Williams* v. *Elliott,* 246 Ill. 548; *Jackson* v. *Robins, supra.*) In the will here under consideration no power of disposition is given the devisee by the terms of the will. Section 13 of the Conveyance act, above quoted, was held not applicable in *Wolfer* v. *Hemmer, supra,* and *Lambe* v. *Drayton, supra.* In the former case the court said: "Counsel for appellee seem to understand that section 13, chapter 30, * * * authorizes a court, in every grant, conveyance or devise, to inquire whether an estate less than the fee is limited by express words, etc. But by the express terms of the statute such inquiry can only arise if 'words heretofore necessary to transfer an estate of inheritance be not used.'" The use of the word "heirs" not being necessary in a will to convey a fee simple estate at common law, and the words here used being sufficient to convey a fee simple estate at common law, the provisions of section 13 of chapter 30 are not to be resorted to in construing the estate granted appellee.

In the construction of wills, courts search for the testator's intention, and that being once ascertained, effect is given to it if not contrary to established rules of law. (*Bennett* v. *Bennett,* 217 Ill. 434; *Smith* v. *Dellitt,* 249 id. 113; *Armstrong* v. *Barber,* 239 id. 389.) It will not be supposed testator indulged in the mere idle use of the words employed in clauses 8 and 9 without expecting or intending some effect should be given them. Since the provisions of clauses 8 and 9 limiting the estate after the death of appellee cannot be given effect as a remainder, they can be sustained and given effect, if at all, as an executory devise. (*Glover* v. *Condell,* 163 Ill. 566; *Ackless* v. *Seekright,* Breese, 76; *Siegwald* v. *Siegwald,* 37 Ill. 430; *Smith* v. *Kimbell,* 153 id. 368; *Johnson* v. *Buck,* 220 id. 226.) An executory devise may be defined as "such a limitation of a future estate and interest in lands as the law admits in the case of a will, though contrary to the rules of limitations in conveyances at common law." (Fearne on Contingent Re-

mainders, 386; 2 Washburn on Real Prop. 680; Tiedeman on Real Prop. sec. 385; *Glover* v. *Condell, supra.*) Chancellor Kent in his Commentaries (vol. 4, p. 268,) says: "There are two kinds of executory devises relative to real estate: * * * (1) Where the devisor parts with his whole estate, but, upon some contingency, qualifies the disposition of it and limits an estate on that contingency; * * * (2) where the testator gives a future interest, to arise upon a contingency, but does not part with the fee in the meantime." In distinguishing or showing wherein executory devises differ from remainders he gives the following example of an executory devise of the first class: "A fee may be limited after a fee, as in the case of a devise of land to B in fee and if he dies without issue or before the age of twenty-one then to C in fee."

Many wills have been construed by this court and effect given to executory devises contained therein. That a fee may be limited after a fee by executory devise has been held in *Kron* v. *Kron,* 195 Ill. 181, *Glover* v. *Condell, supra,* and *McCampbell* v. *Mason,* 151 Ill. 500. In *Summers* v. *Smith,* 127 Ill. 645, a father, by will, gave his widow a life estate in the homestead, and at her death it was to go to a son, "to hold to him and his heirs forever." The will provided: "It is further my will in case any of my sons to whom I have bequeathed property in this my last will and testament should die without heirs of his body, the real estate I have bequeathed to him shall go to his surviving brothers or brother." The son to whom the homestead was devised died without leaving heirs of his body. The property was claimed by his surviving brothers and also by his heirs, including four sisters. It was held the devise to the son was of a fee determinable upon his dying without heirs of his body, which the court held meant children or descendants of children; that the limitation over was good as an executory devise, and upon his death the fee vested in his surviving brothers and not in his heirs.

In *Strain* v. *Sweeny,* 163 Ill. 603, a provision of the will gave the testator's son, Dennis S. Sweeny, "my homestead, * * * to him and his heirs forever." It was held this vested in the son a fee simple title; and the further provision in the will, "but in case he should die without issue of his body, then the same shall go to the heirs of Nelson C. Sweeny, to them and their use forever," was sustained as an executory devise. The court said: "After the devise of the fee to Dennis S. Sweeny, the limitation over to the children of Nelson C. Sweeny upon the death of the said Dennis without children surviving him is valid as an executory devise because it is not void for remoteness but imports a definite failure of issue."

*Smith* v. *Kimbell, supra,* was a case where, as here, a bill was filed for the specific performance of a contract for the sale of certain property. The enforcement of the contract was resisted on the ground that the vendor did not have a fee simple title to the property. The vendor took title under the will of her mother, which provided the property "shall be and become the property of my daughter," naming her. The will further provided that should the devisee "die leaving no heirs" the property should be equally divided between testatrix's sisters. The devisee had children living at the time of the suit. The court held, first, the clause directing the property " 'shall be and become the property of my daughter,' standing alone and without being qualified in any way by the language following it, vests in the daughter a fee transmissible to her heirs notwithstanding the omission of the word 'heirs.' " The court then proceeded to discuss whether the estate granted was limited or cut down by the words following in the will, "and should the said Sarah Jane Spears die leaving no heirs, I will and direct that all of the above described property shall be equally divided between my sisters." The court said: "An attempt is made to mount a fee upon a fee, and this can only be done by executory devise. * * * It is one of

the rules governing contingent remainders that an estate cannot be limited over to another after a fee already granted. A remainder implies something left, and there can be nothing left after the whole has once been disposed of. It is for this reason that a fee already granted cannot be defeated and transferred to another by way of remainder. Hence the devise over 'should the said Sarah Jane Spears die leaving no heirs,' can only be sustained, if at all, as an executory devise and not as a contingent remainder." The court then proceeds to determine whether the contingency upon which the executory devise was to take effect was upon the definite or indefinite failure of issue of the daughter, Sarah Jane Spears, and holds the word "heirs," as used in the will, meant children, and said: "The necessary result of the construction by which the words in question are held to import a definite and not an indefinite failure of issue is, that the devise to Sarah Jane Spears must be regarded as the devise of a fee determinable upon her dying without leaving children at the time of her death. (*Summers* v. *Smith, supra.*) It cannot be known until the death of Mrs. Dustan [the daughter's name after marriage] whether the contingency will happen by which the limitation over is to take effect. If she dies leaving no children at the time of her death her mother's sisters will take the property, but if she leaves a child or children at that time such child or children will take the property as her heirs. It follows that appellant [the daughter] did not have such a fee simple title as was called for by the contract, and the decree of the court below was right."

The authorities above cited and quoted from clearly show, first, that appellee took a fee simple title to the property disposed of by the will; and second, that clause 8 of the will does not cut down or limit the estate previously given to a life estate but is a valid executory devise. The contingency upon which it will take effect, if at all, is upon the failure of issue of appellee surviving her at the time of

her death. This is made plain by the provision of clause 9, that "if my said niece and heir should leave living issue at her death then said estate will go to said issue."

In construing this will as we have, and giving effect to clause 8 as an executory devise, the intention of the testator,—the cardinal rule in the construction of all wills and to which all others must bend,—has been given effect.

Appellee not having such a fee simple title as she contracted to convey, the decree of the circuit court is reversed and the cause remanded, with directions that the bill be dismissed.                    *Reversed and remanded, with directions.*