## WARD B. JONES

*v.*

## THE PORT HURON ENGINE AND THRESHER CO. *et al.*

*Opinion filed February 14, 1898.*

1. REAL PROPERTY—*characteristic feature of a base or determinable fee.* In a base or determinable fee in lands there is always the possibility of the determination of the fee upon the happening of an uncertain event.

2. WILLS—*testator cannot devise land in fee simple and prevent consequences of ownership from attaching.* A testator cannot devise lands in absolute fee simple, and by a subsequent clause of the will prevent the consequences of ownership from attaching thereto.

3. SAME—*condition against all alienation, attached to fee simple devise, is void.* A condition against all alienation, though for but a limited time, attached to a devise of land in absolute fee simple, is void, as being repugnant to the estate devised.

4. SAME—*condition attached to fee simple devise held void—voluntary assignments.* A condition attached to a devise of land in fee simple, that the devisee shall have no power to sell, mortgage or create any lien upon the land for thirty years after the testator's death, is void, and the devised land, being the absolute property of the devisee, must be scheduled by him as assets upon making a general assignment for creditors.

APPEAL from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

TIPTON & TIPTON, for appellant:

All fees that are liable to be defeated by an executory devise are determinable fees, and continue descendible inheritances until they are discharged from the determinable quality annexed to them, either by the happening of the event or a release. *Goodright* v. *Searles*, 2 Wils. 23; 4 Kent's Com. 9.

A base or qualified fee is such as has a qualification subjoined thereto and which must be determined whenever the qualification annexed to it is at an end. It is a fee because it may possibly endure forever, and it is a base or qualified fee because its duration depends upon collateral circumstances which qualify and debase the purity of the duration, and will become a fee simple absolute on the happening of any event which renders impossible the contingency upon which said estate is to end. *Wiggins Ferry Co.* v. *Railway Co.* 94 Ill. 92, and cases cited.

A fee cannot be limited upon a fee by deed, but may be by an executory devise. *Siegwald* v. *Siegwald*, 37 Ill. 430; *Davenport* v. *Kirkland*, 156 id. 177.

The conditions and limitations are so connected with the devising clause as to form a part of it. *Davenport* v. *Kirkland*, 156 Ill. 177.

A gift of the fee may be cut down, by a limitation clause in the after part of a will, to an estate for life. *Bergen* v. *Cahill*, 55 Ill. 160; *Johnson* v. *Johnson*, 98 id. 564; *Pritchard* v. *Walker*, 22 Ill. App. 286.

It is only when the whole will, taken together, shows a clear purpose on the part of the testator to give an absolute power of disposition to the first taker, that the limitation is held void; and it is equally well established that an estate may be devised to one in fee simple or fee tail, with a limitation over by way of executory devise. 20 Am. & Eng. Ency. of Law, 9, 22; 4 Kent's Com. 292;

*Ackless* v. *Seekright*, Breese, 46; *Siegwald* v. *Siegwald*, 37 Ill. 430; Tiedeman on Real Prop. sec. 542; *Summers* v. *Smith*, 127 Ill. 650; *Welch* v. *Bank*, 94 id. 203; *Howard* v. *Carusi*, 109 U. S. 730; *Hamlin* v. *Express Co.* 107 Ill. 448; *Glover* v. *Condell*, 163 id. 592.

In construing a will all of its provisions are to be considered and the true intention of the testator ascertained therefrom, and such intention so determined must control. *Davenport* v. *Kirkland*, 156 Ill. 169.

When a later clause in a will is repugnant to a former one, the later must be considered as intended to modify or abrogate the former. *Murfitt* v. *Jessop*, 94 Ill. 158.

A testator has power to impose the restrictions, limitations and conditions on the title to the lands devised. *Holliday* v. *Dickson*, 27 Ill. 33; *Hill* v. *Hill*, 4 Barb. 419; *Doe* v. *Pierson*, 9 East, 382; 2 Jarman on Wills, 533; *Stewart* v. *Barrow*, 7 Bush, 368.

HENRY D. SPENCER, LIVINGSTON & BACH, and CHAS. M. PEIRCE, for appellees:

The court, in construing a will, finds out what the intention of the party was, and, after having ascertained that intention, construes the will in accordance with it. *Dickison* v. *Dickison*, 138 Ill. 541; *Ebey* v. *Adams*, 135 id. 80; *Hamlin* v. *Express Co.* 107 id. 443; *Bingel* v. *Volz*, 142 id. 214.

The right of alienation is an inherent and inseparable quality of an estate in fee simple, and a condition against all alienation is void, because repugnant to the estate devised. *Potter* v. *Crouch*, 141 U. S. 296.

A restriction, whether by way of condition or devise over, against any and all alienation whatever, during a limited time, of an estate in fee, is void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation. *Potter* v. *Crouch*, 141 U. S. 296; *Anderson* v. *Cary*, 36 Ohio, 506; *Roosevelt* v. *Thurman*, 1 Johns. Ch. 220; *Mandlebaum* v. *McDonell*, 29 Mich. 77.

One cannot make an absolute gift or other disposition of property, particularly an estate in fee, and yet at the same time impose such restrictions and limitations upon its use and enjoyment as to defeat the object of the gift itself. *Steib* v. *Whitehead*, 111 Ill. 251.

Conditions against alienation for a limited time are void. *Potter* v. *Crouch*, 141 U. S. 296; *Bennett* v. *Chapin*, 77 Mich. 526; *Mandlebaum* v. *McDonell*, 29 id. 78; *Roosevelt* v. *Thurman*, 1 Johns. Ch. 220; *Kepple's Appeal*, 53 Pa. St. 211; *Jaurechte* v. *Proctor*, 48 id. 466; *Anderson* v. *Cary*, 36 Ohio St. 506.

After devising an estate in fee simple, a provision forbidding the alienation of the estate conveyed is void. *Norris* v. *Hensley*, 27 Cal. 439; *Smith* v. *Clark*, 10 Md. 186; *Blackstone Bank* v. *Davis*, 21 Pick. 42; *Lane* v. *Lane*, 8 Allen, 350; *Gleason* v. *Fayerweather*, 4 Gray, 348; *VanRensselaer* v. *Dennison*, 35 N. Y. 383; *Halladeaux* v. *Tufts*, 18 Pick. 455; *Oxley* v. *Lane*, 6 N. Y. 340; *Lovett* v. *Gillender*, 35 id. 617; *Shermerhorn* v. *Negus*, 1 Denio, 44; *Dick* v. *Pritchford*, 1 Dev. & Bat. Eq. 480.

The testator cannot give the beneficial interest, and annex thereto the inconsistent condition that it shall not be liable for the debts of the devisee. 2 Jarman on Wills, (5th ed.) 24, 25; *Sanford* v. *Lackland*, 2 Dill. 6.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from an order and decree of the county court of McLean county in the matter of the estate of appellant, assigned by him to F. M. Jones, assignee, under the general Assignment law of this State. On the 20th day of January, 1897, appellant made a general assignment for the benefit of his creditors, but did not include in his schedule of property certain real estate which it is contended should have been included. On petition of certain creditors, who are the appellees herein, a decree was rendered by the court below in effect declaring the real estate in question to be the absolute

property of Ward B. Jones, and ordering it to be included in the schedule of his assets.

It is conceded that whatever interest the assignor had in the property at the time of the assignment was derived as devisee under the will of his father, Nelson Jones. The second and tenth clauses of the will affect this property, and are as follows:

"*Second*—I give, devise and bequeath to my son Ward B. Jones the following described real estate, to-wit, (describing it,) said Ward B. Jones to have and to hold said lands in fee simple, subject to the limitations and restrictions hereinafter in this will contained."

"*Tenth*—I will and direct that said real estate above described, given to my said five children, and each and every piece and parcel thereof, shall be taken and held by my said children, respectively, without any power to sell or mortgage or create any liens upon the same, or any part thereof, for the period of thirty years after my decease; and I hereby prohibit any such sale or sales, mortgaging or creating any lien or liens on said lands, for said period of thirty years after my death, and no judgment or decree of any court of law or equity against my said children shall, within said period of thirty years after my decease, be a lien on any of said lands or any piece or parcel thereof, nor shall said lands, or any part or parcel thereof, be subject to levy or sale under a writ of execution or attachment against any or either of my said children for said period of thirty years after my decease, but in case of death of any one of my said children within the period of nine years after my decease, then and in that case only the lands herein willed to said deceased child may be sold or mortgaged or become subject to a lien at and after the expiration of twenty-one years from the death of such child, but not before."

Both parties concede that the only question presented here is, what effect have the provisions of clause 10 upon the devise contained in clause 2? It is admitted that

the estate devised to appellant was a fee, but his counsel contend that it was a base or determinable fee. This position is untenable. In a base or determinable fee there is always a possibility of the determination of the fee upon the happening of an uncertain event. (1 Broom & Hadley's Com. 551.) Here there is in express terms a grant in fee simple,—an immediate vesting of title,—with no condition subsequent or limitation over to defeat the estate of appellant. An attempt is made to grant an absolute fee simple estate, and by subsequent apt words to prevent certain consequences of the ownership of property from attaching thereto. This, we think, upon principle and the abundant weight of authority, cannot be done. In a devise of land in fee simple a condition against all alienation is void, because repugnant to the estate devised. (*Potter* v. *Crouch*, 141 U. S. 315; Lit. par. 360; Coke's Lit. 206 *b*, 223 *a*; 4 Kent, 131; *McDonough* v. *Murdock*, 15 How. 367.) A restriction, whether by way of condition or of devise over or against alienation, although for a limited time, of an estate in fee is likewise void, as repugnant to the estate devised to the first taker, by depriving him, during that time, of the inherent power of alienation. (*Steib* v. *Whitehead*, 111 Ill. 247; *Potter* v. *Crouch*, 141 U. S. 315; *Roosevelt* v. *Thurman*, 1 Johns. Ch. 220; *Mandlebaum* v. *McDonell*, 29 Mich. 78; *Anderson* v. *Cary*, 36 Ohio St. 506; *Norris* v. *Hensley*, 27 Cal. 439; *Blackstone Bank* v. *Davis*, 21 Pick. 42; 13 Am. & Eng. Ency. of Law, 794.) We find no exceptions to this rule. There is some conflict in the decisions of courts applying the rule to life estates, (*Nichols* v. *Eaton*, 91 U. S. 716,) but as to estates in fee simple they are uniform.

From the weight of authority we must hold that the restrictions contained in clause 10 of the will are repugnant to the fee granted in clause 2 thereof, and the judgment of the county court will be affirmed.

*Judgment affirmed.*