### THIEME, TRUSTEE, *v.* ZUMPE.

[No. 18,547. Filed Jan. 5, 1899. Rehearing denied March 30, 1899.]

WILLS.—*Construction.*—*Life Estate.*—*Right of Possession.*—*Trustee.* —A testatrix in one item of her will bequeathed certain property to her daughter "subject to the provisions contained in item ten of this will." Item ten provided that a person named as trustee for her should take charge of all the property given her by the will, except certain real estate devised in another item of the will, and that he pay her annually the net income therefrom, and that upon her death he turn over said property to her children. *Held*, that the daughter takes only a life interest in the property, and that the right of possession is in the trustee. *pp. 360, 361.*

REPLEVIN.—*Pleading.*—*Complaint.*—*Demand.*—*Wills.*—A complaint in an action in replevin containing a general allegation of unlawful

possession and wrongful detention which fails to allege a demand before action is bad as against a demurrer, where the specific averments show that defendant is in possession of the property under a claim of right by the provisions of a will in which he was made trustee of the property. *pp. 361, 362.*

From the Tippecanoe Circuit Court. *Reversed.*

*John M. La Rue* and *A. Orth Behm,* for appellant.

*John F. McHugh* and *Joseph Eacock,* for appellee.

BAKER, J.—The parts of the will of Elizabeth Thieme, necessary to the decision of this case, read: "Item 4. I give, devise and bequeath to my children Charles C. Thieme, Sophia Zumpe, John Henry Thieme, Frederick Thieme, and my grandchildren Edward Thieme and John Thieme, children of my son William Thieme, deceased, all the remainder of the real and personal property of which I may die seized or possessed; the said grandchildren both together receiving the undivided one-fifth part thereof. * * * And the share bequeathed by this clause to my daughter Sophia Zumpe is made subject to the provisions contained in item ten of this will." * * * "Item 10. My daughter Sophia Zumpe is afflicted with deafness and is now the mother of nine children; and it is for these reasons that I have favored her and her children by giving them the farm they now reside on (item three of the will), over and above her full share in my estate. And that she may not be taken advantage of by any one, I hereby appoint my son John Henry Thieme a trustee for her and direct that he take charge of all the property, real and personal, bequeathed to her by this will, except however the said farm, and that he pay to her annually the net income or profits derived from her said share, and that upon her death he turn over said property to her children, if of age, or to their legally appointed guardian, if minors."

Sophia Zumpe brought this action in replevin against John Henry Thieme as trustee, alleging that by the will she was the owner and entitled to the immediate possession of person-

alty, particularly described.  Demurrer to complaint over-ruled.  Judgment for plaintiff on defendant's refusal to plead further.

Item four refers to item ten.  The two must be read to-gether.  Taking all that relates to appellee and her owner-ship of personalty, there results:  "I bequeath to Sophia Zumpe one-fifth of the remainder of the personal property, * * subject to the provisions * * * that John Henry Thieme, as trustee for her, take charge thereof, and that he pay her annually the net income therefrom, and that upon her death he turn over said property to her children."

Appellee contends that item four gives her the absolute ownership, and that item ten, instead of diminishing her quantity of interest, attempts to deprive her of the rights of possession and of disposition, inseparable attributes of un-qualified title.  *Mulvane* v. *Rude*, 146 Ind. 476; *Jones* v. *Port Huron, etc., Co.*, 171 Ill. 502, 49 N. E. 700.

Item four contains not merely words that, taken alone, would pass absolute title; it states that the bequest to ap-pellee is made "subject to the provisions of item ten."  That is: "I give this property to my daughter Sophia to the extent and in the manner provided in item ten."  Item ten directs the trustee, upon the death of Sophia Zumpe, to "turn over" the property to her children.  An unqualified direction in a will to "turn over" personalty to a legatee is as effectual to pass title as would be the use of the words "give and be-queath."  Item ten directs the trustee to "take charge of" this personalty and to "pay to appellee annually the net in-come" during her life.  The direction to take charge of the personalty gives the right of possession.  The direction to the trustee to pay the annual net income to the legatee during life gives a life interest only.  For appellee's want of absolute ownership and right of possession, the demurrer to her com-plaint should have been sustained.

Appellant urges also that the complaint is bad for failing to allege demand before action. The complaint sets forth the

will, avers settlement of the estate and appellant's possession of the personalty described. Relating to appellant's possession, the allegation is: "Plaintiff further alleges that the defendant, claiming to act under clause ten of said will, holds said property and refuses to deliver the same to plaintiff." There is also the averment "that the defendant has possession thereof without right and unlawfully detains same from plaintiff." The specific averment that appellant is in possession, claiming under item ten, which would give him the right of possession, if good, and a color of right, if voidable, overcomes the general allegations of unlawful possession and wrongful detention. For this reason, too, the demurrer should have been sustained.

Appellee insists, however, that, irrespective of the construction to be placed upon the will, the averments that she is owner and entitled to immediate possession, and that appellant's possession is unlawful and detention wrongful, make a sufficient complaint. In view of the specific statement of the character of appellee's title, these general allegations are overborne and become mere conclusions of the pleader.

Judgment reversed.