A. W. ASKINS, Appellant, *vs.* BESSIE H. MERRITT *et al.*
Appellees.

*Opinion filed April 18, 1912.*

1. WILLS—*when estate devised is a base or determinable fee.*
Where land is devised to the three named grandchildren of the
testator, with the provision that should any of them die and leave
no child then that one's share shall go to the remaining ones liv-
ing, the estate devised is a base or determinable fee, and the devi-
sees take no present estate by virtue of the executory devise, but
only a mere expectancy.

2. SAME—*the power of alienation is incident to the ownership
of the fee.* Where the testator devises the entire fee to his grand-
children, even though there is an executory devise over to the
surviving ones if any one of them die leaving no child, a limita-
tion upon the power of either to alienate the estate is void, as
repugnant to the devise.

3. PARTITION—*purchaser of a base fee is entitled to partition.*
The determinable quality of a base fee follows a conveyance there-
of by the owner, but the purchaser is entitled to partition of the
land without waiting to see whether the event will happen which
will terminate his estate.

4. SAME—*right to partition is not dependent upon possession.*
A bill by the purchaser of a base fee for the partition of land
need not aver that the complainant has taken possession by virtue
of his conveyance, as the right to partition does not depend upon
possession.

5. SAME—*when bill for partition need not aver that complain-
ant's grantor is living.* Where a bill for partition by the purchaser
of a base fee alleges that the deed was executed shortly before
the bill was filed, it will be presumed, unless the contrary appears,
that the grantor in the deed was alive when the bill was filed, and
no express allegation to that effect is necessary, even though the
complainant's estate is one which will terminate if such grantor
shall die leaving no child.

APPEAL from the Circuit Court of Moultrie county;
the Hon. W. G. COCHRAN, Judge, presiding.

RICHARDSON & WHITAKER, for appellant.

E. J. MILLER, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Moultrie county sustained the demurrer of Bessie H. Merritt and Daisy B. Wood, two of the appellees, to the bill for partition filed against them and a tenant and their mortgagee or ·judgment creditor, by A. W. Askins, the appellant, and dismissed the bill. An appeal was allowed and perfected.

The following facts were alleged in the bill and admitted by the demurrer: On July 9, 1903, David M. Crowder, who was the owner of the premises sought to be partitioned, executed his· last will and testament, and among other devises gave to his wife his homestead property in Bethany during her natural life. A tract of forty acres, and the homestead property, subject to the life estate of the widow, were devised by the sixth paragraph of the will, which was as follows:

"I hereby will, bequeath and devise, at my death, to the children ·of my deceased daughter, Barbara E. Logan, Bessie H. Merritt, Daisy B. Wood and David H. Logan, the following described real estate, to-wit: The north-west quarter of the south-east quarter of section eighteen (18), forty (40) acres; and also at the death of my wife, Lydia A. Crowder, I hereby will, bequeath and devise to them my residence property in Bethany, Illinois, being lots three, four, five, six, seven and eight, (3, 4, 5, 6, 7. and 8,) in block ten (10), in Kennedy's addition to the village of Bethany, Illinois, as shown by recorded plat of said addition, with this provision, to-wit: Should either one of the said grandchildren die and leave no child, then that one's portion shall go to the remaining ones living. It is my further will that after my death said land shall be rented out, and the proceeds, after making needed repairs and the payment of taxes, and the residue left shall be kept as a fund for them, to be equally divided, share and share alike, between them and by my administrator, who is hereby au-

thorized to rent out said land after my death and pay taxes and keep same in repair until my grandson, David H. Logan, shall arrive at the age of twenty-one years. Should they all die before said date their interest shall go to my living heirs."

The eighth paragraph contained this language: "I desire to make this provision: that none of my grandchildren shall ever sell or mortgage or in any way encumber such portion they may heir under this will until they arrive at the age of thirty years."

David M. Crowder, the testator, died in 1906, and his will was admitted to probate on July 6 of that year. Lydia A. Crowder, the widow, and the devisees, Bessie H. Merritt, Daisy B. Wood and David H. Logan, survived him. David H. Logan became twenty-one years of age, so that the authority of the administrator to rent and control the land came to an end, and on September 27, 1910, David H. Logan executed a quit-claim deed of all his right, title and interest in the devised premises to the complainant, who filed the bill for partition on August 14, 1911.

The demurrer was general and special, and alleged as special grounds of demurrer, first, that by reason of the provision that upon the death of either of the devisees leaving no child the portion of that one should go to the remaining ones living, there was a contingent remainder in each of the devisees in the shares of the others, and the land could not be partitioned until the contingent remainder had been determined; second, that the provision that the devisees should not sell or mortgage or in any way encumber their respective portions until they should have arrived at the age of thirty years prevented partition until they had arrived at that age, and it did not appear from the bill that David H. Logan was of the age of thirty years.

Some supposed objections to the bill which are claimed to be good on general demurrer are pointed out in argument, such as that there is no allegation that the complain-

ant had taken possession of the property by virtue of his deed, or that David H. Logan was living when the bill was filed. The right to partition does not depend upon possession, and it was not necessary to allege that David H. Logan was living on the day the bill was filed. It was alleged that he executed the deed shortly before that time, and his continued life would be presumed.

The estate devised was a base or determinable fee in the respective devisees. (*Smith* v. *Kimbell,* 153 Ill. 368; *Strain* v. *Sweeny,* 163 id. 603; *Lombard* v. *Witbeck,* 173 id. 396; *Gannon* v. *Peterson,* 193 id. 372; *Fifer* v. *Allen,* 228 id. 507.) The devise left nothing upon which a contingent remainder could be limited, and the several devisees had no present estate by virtue of the executory devise, and nothing but a mere expectancy, which would never have any existence except on the happening of the specified event. The base or determinable quality of such a fee follows any conveyance by the owner and would follow the portion set off to the complainant, but the owner of such a fee is entitled to partition equally with any other owner of an estate in land. The complainant was not required to wait until David H. Logan should die to see whether the other devisees would acquire an estate which has no present existence, and will never have any unless David H. Logan should die leaving no child.

The power of alienation is one of the incidents which by law pertain to the ownership of a fee, and the attempted restraint upon that power by the provision in the eighth paragraph of the will was void. (*Jones* v. *Port Huron Engine Co.* 171 Ill. 502; *Muhlke* v. *Tiedemann,* 177 id. 606.) The testator devised the entire fee of the land and lots, whether it remained in David H. Logan and a child or children who might survive him or will pass to the other devisees by way of executory devise, and the limitation upon the power of either to alienate the estate was repugnant to the devise and therefore void.

The court erred in sustaining the demurrer and dismissing the bill, and the decree is reversed and the cause remanded, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*