## WHEN A DEED ABSOLUTE WILL BE DECLARED A MORTGAGE.

Court of Appeals for Athens County.

FLEMING ET AL V. MINX ET AL.

Decided, December 30, 1914.

*Partition—Denied to Heirs and Devisees of a Lessor—Deed Absolute Will be Declared a Mortgage When Necessary to Relieve from Imposition or Injustice—Rights of Heirs Can Not be Reduced to Money by Administrator.*

1. A court of equity will adjudge a deed absolute to be a mortgage at the instance of either grantor or grantee, or their representatives.
2. But such adjudication will not be made, at the instance of the personal representative, for the sole purpose of making it possible for him to collect the proceeds of such mortgage and distribute the same. A court of equity will declare a deed absolute to be a mortgage only when it is necessary to prevent or relieve from imposition or injustice.
3. The heirs at law and devisees of the lessor in a lease for ninety-nine years, renewable forever, with an option in the lessee to purchase the premises leased at a stated time each year during the continuance of the lease, can not compel partition of the same.

*Grosvenor, Jones & Worstell,* for plaintiffs.
*Lewis & Keenan,* for W. K. Scott, administrator.
*L. A. Koons,* for Elizabeth Nelson.

SAYRE, J.

The administrator with the will annexed of the estate of Daniel Fleming contends that the deed under consideration constitutes an equitable mortgage and desires an adjudication to that effect so he can foreclose the same and distribute the proceeds, while the plaintiffs claim that the transaction between Daniel Fleming and Elizabeth Nelson is a conditional sale and seek partition.

The contest here is between the administrator with the will annexed and the devisees and heirs at law of Daniel Fleming. Elizabeth Nelson is not interested in the matter except that her rights, whatever they may be, shall be protected.

So we are called upon to decide whether a court of equity will construe a deed absolute on its face to be a mortgage, at the instance of the personal representative of the grantee of such deed, for the sole purpose of enabling such representative to collect and distribute the proceeds.

In *3 Pomeroy's Equity Jurisprudence* (3d Ed.), Section 1196, is the following:

"The general doctrine is fully established, and certainly prevails in a great majority of the states, that the *grantor* and *his representatives* are always allowed in equity to show, by parol evidence, that a deed absolute on its face was only intended to be a security for the payment of a debt."

The right here seems to be limited to the grantor and his representatives, and not to extend to the grantee and his representatives. But in *McMillan* v. *Bissel,* 63 Mich., 66, 29 N. W. Rep., 737, and *Kellog* v. *Northrup,* 115 Mich., 327, 73 N. W. Rep., 230, it was held that the grantee or his representatives may show that a deed absolute is in fact a mortgage. It would seem just that either grantor or grantee, or their representatives, should have the right, under proper circumstances, to show what the real transaction was. No reason can be assigned why one man should not have the same right as the other.

The precise question to be determined then is, Under what circumstances will a court of equity look beyond a deed absolute and receive evidence outside the same to determine what the real transaction was between the parties?

An examination of a number of cases will show that an attempt to convert that into an absolute sale which was intended as a security for a loan is treated as a fraud. *Morris* v. *Exr. of Nixon et al,* 1 How., 118, 126; *Russell* v. *Southard et al,* 12 How., 139; *Babcock* v. *Wyman,* 19 How., 289; 3 Pomeroy's Equity Jurisprudence (3d Ed.), Section 1196.

Usually the value of the property conveyed is in excess of the money loaned, and the grantee, by insisting upon the transaction as appears from the language of the deed alone, will thus secure an unfair advantage, and at the instance of the grantor a court of equity will hear evidence, and if the deed was given to secure

a loan will declare the same to be a mortgage. The occasion for this action of the court is found wholly in the injustice which will result to the grantor. Consequently, if the grantor is satisfied with the transaction and it appears that no unfairness, imposition or injustice can result to the grantee, then the court will leave the deed to stand as an absolute conveyance.

A court of equity will treat a deed absolute as a deed absolute, unless by declaring it to be a mortgage injustice can be prevented.

In the case under consideration the grantor, Elizabeth Nelson, makes no complaint in regard to the transaction. From her answer it appears that she is willing to allow the deed to stand as a deed absolute. It appears that neither the heirs, devisees nor personal representative of Daniel Fleming will suffer any imposition or injustice by allowing the deed to stand as a deed. There is, therefore, no reason to examine the facts surrounding the transaction in order to determine whether the deed was made as a security for a loan. The only possible reason which the administrator with the will annexed can have for desiring the court to treat the deed as a mortgage is that he may collect the money and distribute the same in the course of administration. This is no ground for the action of a court of equity.

The plaintiffs desire partition of the premises conveyed by Elizabeth Nelson to Daniel Fleming, and the right to partition is contested by the defendant, Marcia Linscott, one of the heirs of Daniel Fleming.

The lease to Elizabeth Nelson for ninety-nine years, renewable forever, with option to purchase, is an estate in perpetuity on condition. It may be defeated by the lessee exercising the option to purchase, as a life estate may be defeated by the death of the life tenant.

In *Tabler* v. *Wiseman et al*, 2 Ohio St., 207, it was held that the heirs at law could not make partition in case the entire premises were assigned to the widow as her dower; and the reasons assigned for such holding were that a tenant in common could not derive any benefit from the partition; that where the property is subject to a life estate exclusive possession can not

follow the judgment, and because the commissioners could not make equitable division if permitted to speculate upon the prob-, able condition of the property at the termination of the life estate.

Now all these reasons apply with equal force to the situation in hand. The tenants in common have not the present right of possession to any part of the premises which they desire to have partitioned. Partition, therefore, will not lie.

Judgment accordingly.

WALTERS, J., and JONES, J., concur.