J. C. PITZER, Appellant, *vs.* EDWARD L. MORRISON *et al.*
Appellees.

*Opinion filed February 16, 1916—Rehearing denied April 6, 1916.*

1. WILLS—*will construed as devising remainder in fee subject
to executory devises.* A devise of land to the testator's sister-in-
law with remainder to her son, but if he should die before the
testator's wife and daughter then the land shall go to them, and
if the wife or daughter becomes the possessor of the land, at their
death it shall go to the heirs of such son if the daughter shall die
without heirs, gives a remainder in fee to the son, subject to the
executory devises over upon the happening of the conditions there-
in provided for.

2. SAME—*effect where the life tenant, remainder-man and ex-
ecutory devisees join in deed.* If the life tenant, the remainder-
man and the persons named as executory devisees in case the
remainder-man dies before they do, join in a deed, the grantee
takes the fee free from the terms of the executory devise, as by
joining in the deed the executory devisees estop themselves and
their heirs from making any claim to the estate; but if there is
a second executory devise to the heirs of the remainder-man in
case one of the persons named in the first executory devise shall
die without heirs, the fee conveyed by the deed is a base fee, sub-
ject to the contingent interest of the heirs of the remainder-man,
which will follow any conveyance of the fee.

3. SAME—*when words "without heirs" will be held to mean
"without surviving children."* Where there is an executory de-
vise to the testator's wife and daughter in case they survive the
remainder-man, and a second executory devise to the heirs of the
remainder-man in case the wife or daughter shall become the pos-
sessor of the land and the daughter shall die "without heirs," the
words "without heirs" mean "without surviving children."

4. PARTITION—*determinable quality of base fee follows a sale
thereof.* Tenants in common of a base fee are entitled to a par-
tition under certain conditions, but in case there is a sale the con-
veyance will be subject to the contingency which is to determine
the estate, in the absence of any question of estoppel.

APPEAL from the Circuit Court of Shelby county; the
Hon. THOMAS M. JETT, Judge, presiding.

WHITAKER, WARD & PUGH, for appellant.

WILLIAM H. CRAIG, for minor appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal by the complainant from a decree of the circuit court of Shelby county dismissing his bill for partition. It involves a construction of the will of George W. Tilley, who was the owner of the land and died in 1908. He disposed of the land by the second clause of his will, which was as follows:

"*Second*—To Susan E. Ivison I give and bequeath the west half of the south half of the northeast quarter of section ten (10), town ten (10), north, range two (2), east, in Shelby county, Illinois, for and during her life, at her death to go to her son, James Ivison. Should he die before my said wife and daughter, then this land shall go to them. Should my wife or daughter become the possessor, then at their death this land shall go to the heirs of James Ivison, should my said daughter die without heirs."

The testator left a widow, Sarah J. Tilley, and a daughter, Mary Eva, married to Edward L. Morrison. Susan E. Ivison is a sister of Sarah J. Tilley, and her son, called in the will James Ivison, is known as James Wilson Ivison Tilley. On January 29, 1915, Sarah J. Tilley, Mary Eva Tilley Morrison and her husband, Susan E. Ivison, and James Wilson Ivison Tilley and his wife, conveyed the premises described in clause 2 of the will by warranty deed to Edward L. Morrison, and on February 1, 1915, he and his wife conveyed by warranty deed an undivided one-half of the same premises to J. C. Pitzer, who thereupon filed a bill for partition, claiming that he owned one undivided one-half of the premises and Edward L. Morrison the other undivided one-half. Besides all the persons who have been heretofore mentioned, the bill named as defendants Tilley Lourene Morrison, a daughter of Mary Eva Tilley Morrison, and Gilbert Waters Tilley, the son of James Wilson Ivison Tilley, each of whom was a minor five or six years

old, alleging that while they have no real interest in the land, yet they have an apparent interest under the will of George W. Tilley which depreciates its value and prevents its being readily sold or used as security by means of mortgage or otherwise. A guardian *ad litem* was appointed for the minor defendants and answered. All other defendants were defaulted, and upon a hearing the bill was dismissed for want of equity.

The first sentence of clause 2 gives a life estate to Susan E. Ivison with a vested remainder to her son, James Ivison. This remainder is a fee simple, unless it appears from some other part of the will that a less estate was intended to be devised. There is nothing in the will showing that any less estate was intended to be devised, but it does appear by the second sentence that the fee so devised to James Ivison was subject to a condition if he should die before both the wife and daughter of the testator, in which case, by the express terms of the second clause of the will, the estate in fee simple given to him would terminate and the fee would be cast upon the wife and daughter as tenants in common. This is a good executory devise, for while a fee cannot be limited upon a fee in a deed at common law yet this can be done by executory devise, which is a limitation by will of a future contingent interest contrary to the rules of limitation of contingent estates at common law. (*Ashby* v. *McKinlock,* 271 Ill. 254; *Williams* v. *Elliott,* 246 id. 548; *Strain* v. *Sweeny,* 163 id. 603; *Smith* v. *Kimbell,* 153 id. 368.) This second fee is, however, also conditional, being subject to a second executory devise in case of the death of the daughter "without heirs," which in this connection means without surviving children. (*Bradsby* v. *Wallace,* 202 Ill. 239.) In this event the estate in fee simple is devised to the heirs of James Ivison, who will then take the fee by way of executory devise. By the conveyance of Susan E. Ivison, the life tenant, and James Ivison, the remainder-man, Edward L. Morrison became the owner of

the premises in fee, subject to the two executory devises. The executory devisees, Sarah J. Tilley and Mary E. Tilley Morrison, had no estate in the land, having merely an expectancy incapable of being conveyed, but by joining in the warranty deed to Morrison they have estopped themselves and their heirs from making any claim to the estate. (*Grand Tower Mining Co.* v. *Gill,* 111 Ill. 541; *Way* v. *Roth,* 159 id. 162.) The executory devise to them is there-. fore removed from consideration. Tilley Lourene Morrison has no interest. There is no devise of any kind to her. If the executory devise to her mother, Mary E. Tilley Morrison, shall take effect, it will confer a fee subject to the executory devise to the heirs of James Ivison. Gilbert Waters Tilley has an expectancy dependent upon his surviving his father and so becoming an heir, and upon Sarah J. Tilley and Mary E. Tilley Morrison both surviving James Ivison and Mary E. Tilley Morrison then dying without children. Subject to the expectancy of the heirs of James Ivison, Edward L. Morrison by the conveyances to him became the owner of the land, and by his conveyance to the appellant the latter became the owner of an undivided one-half of the land subject to the same expectancy. His estate is a base fee, which will last forever unless the contingencies contemplated by the will shall happen to terminate it. His title is of the same character as that of the appellant in the case of *Askins* v. *Merritt,* 254 Ill. 92, and he is entitled to a partition of the premises. If a sale follows, it must be subject to the contingent interest of the heirs of James Ivison, except so far as they may have estopped themselves by covenants of warranty.

The decree will be reversed and the cause remanded, with directions to enter a decree in conformity with this opinion. *Reversed and remanded, with directions.*