Shohl, P. J.
Defendants in error were plaintiffs below and brought an action to partition certain property which had been owned by their father, John T. Crowe. It appears from the amended petition that on December 2, 1912, John T. Crowe executed a lease to defendant Michael Crowe for five years, with the privilege of purchase for $12,000 at any time within the life of said lease, and the lease contained a provision for renewal for five years more on the same terms and with the same privilege of purchase. James *44 Crowe, one of the heirs of the decedent, demurred to the amended petition, contending that the outstanding lease with option to purchase prevented partition. The court below overruled the demurrer, and the defendants not desiring to plead further a judgment was rendered, to .which they now prosecute error.
To enable a party to maintain an action for partition he must have an estate in possession, one by virtue of which he is entitled to enjoy the rents or the possession as one of the cotenants thereof. Eberle v. Gaier et al., 89 Ohio St., 118, and Tabler v. Wiseman, 2 Ohio St., 207.
The existence of an ordinary lease for years, under which the tenant is in possession, paying rent to the owners of the fee, is no obstacle to partition among such owners. Werner v. Glass, 16 W. L. B., 354; Willard v. Willard, 145 U. S., 116, and 21 Am. & Eng. Ency. Law (2 ed.), 1153. See also 21 Halsbury’s Laws of England, 841.
The possession of a tenant is regarded as the possession of the landlord, as shown in the foregoing authorities. Plaintiffs in error maintain 'that by reason of the existence of the option to purchase the title is defeasible, and may be defeated by the lessee exercising the option. Their contention is based upon the opinion of the court of appeals for the fourth district in Fleming v. Minx, 4 Ohio App., 406.
The defeasibility of title does not disable plaintiffs from prosecuting partition. The existence of a power of sale outstanding in trustees which might likewise destroy the estate of the lessors does not bar partition. (Boyd v. Alien, 24 CK. *45 D., 622.) The owner of a base fee is entitled to partition. (Askins v. Merritt, 254 Ill., 92, and Pitzer v. Morrison, 272 Ill., 291.) The full report of the case of Fleming v. Minx, supra, shows that the so-called tenant was in fact a mortgagor in possession, though nominally she had only a lease with the right to purchase.
The mere existence of the option is insufficient to take the case out of the rule established by the foregoing authorities.
The judgment will be affirmed.

Judgment affirmed.

Hamilton and Cushing, JJ., concur.