And, as already quoted, notwithstanding that illegalities, informalities and irregularities appear in the declaration of the dividend involved in the case, the court substantially holds, on page 283, that all these illegalities, irregularities and informalities were not *per se* illegal.

Since the evidence shows that what was done of an informal nature in the case now before the court, was done by unanimous consent and acquiescence of the stockholders, and that there is evidence tending to show that Joseph Kramer acted upon said consent and acquiescence to such an extent as to materially change his position, because when he sold his stock he lost every other remedy, if he had one, except the one to which he resorted in bringing this suit.

For this reason, provided the jury has been correct in finding the facts, the court would hold that the stockholders, as individuals, and the corporation as such, are precluded from setting up the legal informalities in matters of the internal concerns affecting only the interests of the stockholders of this company. There are a number of other authortiies which have been quoted by counsel for plaintiff bearing upon the propositions raised in this case.

Taking into consideration all the law and the evidence, the court thinks that the jury had a right, under the law and the evidence, to return a verdict such as it did, and, therefore, will overrule the motion for a new trial.

---

### PERPETUAL LEASE NOT A BAR TO PARTITION.

Court of Common Pleas of Hamilton County.

ALBERT T. BROWN, v. JOSEPH RAWSON, ET AL.

Decided, July, 1920.

*Partition—Not Barred by a Perpetual Lease—Possession of the Lessee is the Possession of the Landlord—His Rights are not Affected by a Change of Landlords.*

Partition of real property may be compelled at the suit of one of the tenants in common of the fee, notwithstanding the existence of a perpetual leasehold in the property.

*Pogue, Hoffheimer & Pogue,* for plaintiff.
*William R. Collins,* contra.

DARBY, J.

The plaintiff alleges that he is a tenant in common with the defendants of certain real property situate in Cincinnati at the southeast corner of Ninth and Race streets, and asks partition thereof, or if partition can not be had without manifest injury, that the same may be sold and the proceeds distributed according to the rights of the parties.

In a cross petition filed by Joseph Rawson, and which is adopted by the other parties in interest, it is alleged that the premises referred to are subject to a perpetual lease made by the ancestor of the parties.

The cause came on for hearing upon the petition, and objection was made to a decree in partition for the reason that the property, being subject to a perpetual lease, partition thereof could not be compelled. Subsequently, a motion was made by the defendant, Joseph Rawson, to dismiss the action for the reason that the court is without jurisdiction over the subject matter thereof. By this motion the same question is raised as was raised upon the hearing of the cause, namely, that existence of the perpetual lease upon the property prevents its partition. It should be noted in passing that the cross-petition of Joseph Rawson and the other defendants asked for partition upon the said cross-petition.

The question for determination is this: May one tenant in common of real property, subject to a perpetual lease, compel partition of said property during the life of the lease?

General Code, 12026 provides:

"Tenants in common, and coparceners of any estate in lands, tenements or hereditaments within the state, may be compelled to make or suffer partition thereof in the manner hereinafter prescribed."

That the parties to this action are tenants in common of an estate in lands goes without saying. That the parties to this

action are bound by the lease of their ancestor is equally true. That the grantees of the parties, in case of a deed by them, would be bound by all the terms of the lease referred to and that the lessee's rights cannot be affected or its possession interferred with, so long as it complies with the terms of the lease, cannot be gainsaid. It is equally true that the parties to this action are enjoying the rents reserved in the lease, and that as a matter of law the possession of the lessee is regarded as the possession of the landlord.

It follows from the foregoing considerations that the only effect so far as the lessee is concerned of a partition or sale of the property would be a change of landlords. It is manifest in this case that the property cannot be divided, and that if partition were decreed a sale would be essential. However, if there is no right to partition there could not be in any event a sale.

The claim of the defendants seems to be that inasmuch as the interest of the lessee has some of the attributes of a fee simple title, or that the lessee may purchase the fee, that partition may not be decreed. Two cases in particular have been brought to the attention of the court, supposed to sustain this contention.

In *Tabler* v. *Wiseman et al.*, 2 Ohio St., 208, the facts as stated by Ranney, J., are as follows:

"It appears from the petition that John Manly died seized of the tract of land of which partition was sought, the whole of which was assigned to his widow as her dower, who was still living when these proceedings were had. The parties to the suit are his heirs at law, and the question is, can partition be had during the continuance of her life estate? The court below held that it might, and as the lands could not be divided, and one of the heirs elected to take the same at the appraised value, the court confirmed the election so made, and ordered a deed to be made upon payment of the purchase money."

The gist of the decision of the court is found in the following clause from the syllabus:

108    HAMILTON COUNTY COMMON PLEAS.

Brown vs. Rawson et al.        [Vol. 23 (N.S.)

"Hence, when there is an outstanding estate for life, vested in a third person, in the whole premises of which partition is sought, the reversioners or remaindermen cannot have partition, either in law or in equity."

It will be very readily seen that the land involved in that case was assigned to the widow as her dower as an entirety; therefore the remaindermen or reversioners had no interest in the rents and did not have nor could they acquire the right of possession of the property as against the widow during her life. The partitioning and sale of that property in effect put her out of possession, to which she was entitled during her life.

*Eberle et al* vs. *Gaier, Jr. et al.*, 89 Ohio St., 118, followed and approved *Tabler* v. *Wiseman* above referred to. In that case the facts were that Barbara Gaier, deceased, devised real estate involved to her children in equal shares subject to a life estate devised to Gaier, Sr. In an answer, Gaier, Sr. undertook to consent to the partition or sale of the land free from his life estate, and agreed to take the value of the same in money. In that case it is clear that under the will the remaindermen had no present rights or interest in the property, none of the rents or profits went to them, and they neither had nor could acquire, as against the life tenant, possession of the property. The principle which prevented the partition of the property in that case was the same as that involved in *Tabler* v. *Wiseman*.

The solution of this problem is greatly advanced by the recent decision of the Court of Appeals of this county in *Crowe et al* v. *Crowe et al.*, 31 O. C. A., ---. In that case there was a lease upon the property proposed to be partitioned for the term of five years with a privilege of purchase at any time within the life of the lease, and a provision for renewal for five years more on the same terms and with the same privilege of purchase. One of the defendants demurred to the petition, contending that the outstanding lease with option to purchase prevented partition. The court below overruled the demurrer and judgment was rendered upon the petition. The syllabus of the case is as follows:

"The existence of a lease for five years, renewable for five years, and granting an option to the lessee to purchase the land, is no obstacle to partition."

In the opinion of the court is the following:

"To enable a party to maintain an action for partition he must have an estate in possession, one by virtue of which he is entitled to enjoy the rents or the possession as one of the co-tenants thereof. *Eberle* v. *Gaier,* 89 Ohio St. 118, and *Tabler* v. *Wiseman,* 2 Ohio St. 207.

"The existence of an *ordinary* lease for years, under which the tenant is in possession, paying rent to the owners of the fee, is no obstacle to partition among such owners. *Werner* v. *Glass,* 16 W. L. B. 354 (9 Dec. Re. 686); *Willard* v. *Willard,* 145 U. S. 116, and 21 Am & Eng. Ency Law (2 ed.), 1153. See also 21 Halsbury's Laws of England, 841.

"The possession of a tenant is regarded as the possession of the landlord, as shown in the foregoing authorities. Plaintiffs in error maintain that by reason of the existence of the option to purchase the title is defeasible, and may be defeated by the lessee exercising the option. Their contention is based upon the opinion of the court of appeals for the fourth district in *Fleming* v. *Minx,* 25 C. C. (N. S.), 198; 4 Ohio App. 406.

"The defeasibility of plaintiff's title does not disable plaintiffs from prosecuting partiton. The existence of a power of sale out standing in trustees which might likewise destroy the estate of the lessors does not bar partition. (*Boyd* v. *Allen,* 24 Ch. D. 622.) The owner of a base fee is entitled to partition. *Askins* v. *Merritt,* 254 Ill. 92 (98 N. E. 256), and *Pitzer* v. *Morrison,* 272 Ill. 291 (111 N. E. 1017). The full report of the case of *Fleming* v. *Minx,* supra, shows that the so-called tenant was in fact a mortgagor in possession, though nominally she had only a lease with right to purchase."

The mere existence of the option is insufficient to take the case out of the rule established by the foregoing authorities.

The case of *Werner* v. *Glass,* 16 W. L. B., 354, was decided by the general term of the superior court by Judges Harmon, Force and Peck. The syllabus is as follows:

"The existence of an ordinary lease for years, under which the tenant is in possession paying rent to the owners of the fee, is no obstacle to partition among such owners."

110    HAMILTON COUNTY COMMON PLEAS.

Brown vs. Rawson et al.        [Vol. 23 (N.S.)

It was contended in that case that the case of *Tabler* v. *Wiseman*, 2 Ohio St., 208, was conclusive of that case but the court held otherwise, and said:

"While some of the possible inconveniences or inequalities referred to by the court among other reasons for its conclusion, might exist in cases of property leased, especially if for long terms, the principle of the decision was that as partition deals with possession only, it cannot be had unless the parties praying partition have the possession. It is conceded that actual possession is not necessary; an estate which gives the right to possession will suffice.

"It is evident, therefore, that the term possession is used as opposed to expectancy, as defining the nature of the estate rather than referring to its physical occupation.

"The estate of the parties here is not one in expectancy, but in possession, because from the days of the feudal system until now, the possession of a tenant has been considered the possession of the landlord, except so far as concerns rights depending upon actual physical occupation such as the action of trespass."

It is therefore the settled law in this state that what is called an ordinary lease for years is no obstacle to partition of the leased property.

Is there any reason for a different rule as applied to property held under a perpetual lease? It may be well to examine the law as to just what a perpetual leasehold estate is. We must start out by conceding that it is a leasehold created by contract in which there are lessor and lessee whose rights are contractual in their nature. At common law such an estate was a chattel real, but by reason of the various statutes passed in this state such leaseholds descend as estates in fee and are subject to judgments and executions as real estates.

In *Taylor* v. *DeBus et al,* 31 Ohio St, 468, 472, is the following:

"Now, it is contended that, by force of this legislation such estates are no longer chattels; that the creation of such an estate in lands is equivalent to an absolute transfer of the fee, and, therefore, the common law incidents of leasehold estates are abrogated. Such results do not follow such legislation. To the extent that leasehold estates have, by statute, been subjected to the rules which govern estates in fee, of course the rules of

the common law, in respect thereto, have been abrogated; but beyond this, the common law continues to furnish the only rules for the guidance of courts in determining the rights of parties in relation to leasehold estates.   And it is quite clear to our minds that there is nothing expressed in these statutes, and nothing implied, that modifies the common law in respect to the rights or liabilities of the parties to this record.   As to these lands, the plaintiff in error was lessor and reversioner, and the defendants in error, lessees and owners of the term; and the annual compensation payable to the lessor for the use of the premises during the term, is rent and nothing more."

In harmony with the last decision is the principle involved in *Village of St. Bernard* v. *Kemper et al.,* 60 Ohio St., 244, in which a tenant under a lease of real property for ninety-nine years, renewable forever, the property standing in his name for taxation, was held to be—

"*so far* the owner of such property as to authorize him to subscribe a petition for street improvements under Section 2272 Revised Statutes; and in such case the signature of the lessor to such petition is not required in order to authorize an assessment against the corpus of such property."

In view of these cases it seems useless to further undertake to distinguish between the dower estate in the case of *Tabler* v. *Wiseman* and the life estate in the case of *Eberle* v. *Gaier*, on the one side, and the perpetual leasehold of the lessee in this case.

In the case of *Hopple* v. *Hopple,* 12 O. L. R. 223, another member of this court decided that—

"Partition may be had of land which is subject to a lease for ninety-nine years renewable forever."

Has the lessee a right to object to partition by his lessors?

It is not objecting.   Its rights and liabilities are fixed and certain; they are indefeasible so long as it pays the rent and otherwise complies with its contract; it cannot be dispossessed (if it does comply with its contract) by the act of any person or persons.

. If a lease for years with a privilege of purchase is no obstacle to partition, and such is the settled law of this state, the court is unable to see why length of duration of the leasehold estate can in any wise change. the principle involved. If the land were susceptible of division the only effect would be that each of the tenants in common would collect his proportionate part of the rent under the lease. As indicated above, the fact that the property is not susceptible of partition among the lessors or reversioners would not in a proper case prevent a sale and distribution of the purchase price.

It is the opinion of the court therefore, that the plaintiff is entitled to compel partition of this land, though it is subject to a perpetual lease.