BROWN v. RAWSON ET AL.

*Partition—Right to maintain—Outstanding perpetual lease.*

A perpetual leasehold with option to purchase is no obstacle to partition. (*Crowe* v. *Crowe*, 12 Ohio App., 43, approved and followed.)

(Decided June 29, 1921.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Pogue, Hoffheimer & Pogue,* for plaintiff.
*Mr. William R. Collins,* for defendants.

HAMILTON, P. J.  The plaintiff, Albert T. Brown, brought an action in the court of common pleas asking the partition of property situate in the city of Cincinnati, at the southeast corner of Ninth and Race streets, now occupied by the Business Men's Club, as transferee of a perpetual leasehold.

The defendant Joseph Rawson filed his answer and cross-petition and raised the question whether the heirs and devisees of a lessor, who has executed a lease for ninety-nine years, renewable forever, with the option to purchase after twenty-five years, may be compelled to make or suffer partition under the laws of Ohio. Or briefly stated, Is a perpetual leasehold, with option to purchase, an obstacle to partition?

But three Ohio cases are reported bearing directly on this question.  In the case of *Fleming* v. *Minx*, 4 Ohio App., 406, the court of appeals of Athens county held that a lease for ninety-nine years, renewable forever, was an obstacle to partition, and partition was denied.  In the case of *Hopple* v. *Hop-*

*ple,* 12 O. L. R., 223, the trial court of Hamilton county held that such a lease was no obstacle to partition. In the case of *Crowe* v. *Crowe,* 12 Ohio App., 43 (decision by this court), it was held that the existence of a lease for five years, renewable for five years, and granting option to the lessee to purchase the land, is no obstacle to partition. In that case the authorities on the question of partition were fully considered, and it is therefore unnecessary to further comment on the cases here.

In the case under consideration we will follow the case of *Crowe* v. *Crowe, supra,* which, in our opinion, is an authority for holding that a perpetual leasehold is no obstacle to partition.

Many cases are cited by counsel as throwing light on the side of the question that partition will not lie, and the principal case relied upon is the case of *Tabler* v. *Wiseman,* 2 Ohio St., 207, which decides the question that property subject to a life estate cannot be partitioned, and states as a reason that no benefit could derive therefrom during the life of the life tenant. This case in no way assists in determining the proposition before us, as in the instant case there is a benefit to be derived to the parties in interest, an annual rental being payable under the terms of the lease, in addition to the question of title.

It is urged that the case of *Crowe* v. *Crowe, supra,* is not an authority here, as in that case there is only the question of an ordinary lease for five years, renewable for five years, with the option to purchase. If a lease for five years, renewable, with the privilege of purchase, is no obstacle to partition, we are unable to see why a longer term of years would change the principle involved.

Counsel for defendant also advances the proposition that the statute of Ohio providing that a perpetual leasehold estate is subject to levy and sale on execution, and subject to the law of descent and distribution, leads to the conclusion that the fee is in the lessee under a perpetual leasehold. On this proposition we quote as follows from the case of *Taylor* v. *DeBus et al.*, 31 Ohio St., 468, 472:

"Now, it is contended that, by force of this legislation, such estates are no longer chattels; that the creation of such an estate in lands is equivalent to an absolute transfer of the fee, and, therefore, the common law incidents of leasehold estates are abrogated. Such results do not follow such legislation. To the extent that leasehold estates have, by statute, been subjected to the rules which govern estates in fee, of course the rules of the common law, in respect thereto, have been abrogated; but beyond this, the common law continues to furnish the only rules for the guidance of courts in determining the rights of parties in relation to leasehold estates. And it is quite clear to our minds that there is nothing expressed in these statutes, and nothing implied, that modifies the common law in respect to the rights or liabilities of the parties to this record. As to these lands, the plaintiff in error was lessor and reversioner, and defendants in error, lessees and owners of the term; and the annual compensation payable to the lessor for the use of the premises during the term, is rent, and nothing more."

We recognize the fact that our conclusion is in direct conflict with the holding in the case of *Fleming* v. *Minx, supra,* but we incline to the decision in the case of *Crowe* v. *Crowe,* as determining the legal principle involved. In the *Fleming case* the court

holds a perpetual lease is more than a life estate, and appears to have followed the case of *Tabler* v. *Wiseman* for that reason. We have never understood this to be the rule. An estate for life is a higher and greater estate than any estate for years. 4 Kent Com., 85.

A decree in partition will be allowed.

*Judgment for plaintiff.*

CUSHING and BUCHWALTER, JJ., concur.