OPINION
This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
This appeal presents one assignment of error challenging the finding of the Auglaize County Court of Common Pleas that the court lacked subject matter jurisdiction to proceed with the case. The record reveals the following facts pertinent to this appeal.
On April 20, 1998, Julius L. Broerman ("Appellant") filed a complaint for partition in the Auglaize County Court of Common Pleas. The complaint sought to partition approximately 145 acres of land located in Auglaize County, Ohio.
Appellant is the fee simple owner of 1/7 of the subject property. Appellee Doris Blanke is also a fee simple owner of 1/7 of the subject property.
Pursuant to R.C. 5307.03, Appellant named those persons who had an interest in, or could claim an interest in the aforementioned property as defendants in the complaint. On or about May 20, 1998, Doris and Richard Blanke ("Appellees") answered Appellant's complaint for a partition of the subject property.
It was adduced in the trial court below that on March 1, 1982, Appellee Richard Blanke entered into a written lease to plant, grow, and harvest agricultural crops on the subject property for a term of three years. Upon the expiration of the three year term, the lease was automatically renewable in one year intervals unless a 90-day notice by either party was otherwise given in advance. At the time of the signing of the lease, Julius and Marie Broerman were the owners of the subject property.[1]
At the pretrial conference held on August 18, 1998, Appellant and Appellees were ordered by the trial judge to enter into a written stipulation. The parties stipulated that on the date of the filing of the petition for partition, Appellee Richard Blanke was a lessee of the property. The stipulation also set forth that Appellee Blanke was neither a co-tenant of the property, nor was he an owner of the property.
Thereafter, Appellees filed a motion to dismiss the action for partition pursuant to Civ.R. 12(b)(1). In their motion to dismiss, Appellees asserted that the trial court lacked subject matter jurisdiction to proceed with the case. On October 5, 1998, the trial court granted Appellees' motion to dismiss.
Appellant now appeals, setting forth the following sole assignment of error.
 Assignment of Error
The Auglaize County Common Pleas Court erred in holding that the court did not have subject matter jurisdiction in this case pursuant to Civ.R. 12(b)(1) and accordingly dismissing Appellant's complaint for partition of real property.
Appellant asserts in his sole assignment of error that the trial court erred in finding that the court lacked subject matter jurisdiction to proceed with the case. For the reasons that follow, we agree.
We first note that the standard of review for a motion to dismiss pursuant to Civ.R. 12(b)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint."State ex rel. Bush v. Spurlock (1989), 42 Ohio St.3d 77, 80. On appeal, an appellate court considers the issue de novo, independently of the trial court's decision. Shockey v. Fouty
(1995), 106 Ohio App.3d 420, 424.
In the case sub judice, the trial court found that Appellee Blanke's leasehold interest in the subject property divested Appellant of actual possession or the immediate right of possession to the property. The court also held that Appellant's lack of actual possession or the immediate right to possession of the subject property deprived the court of subject matter jurisdiction to proceed with the action for partition.
Actions for partition are governed by R.C. 5307.01, which provides:
 Tenants in common, survivorship tenants, and coparceners, of any estate in lands, tenements, or hereditaments within the state, may be compelled to make or suffer partition thereof as provided in sections 5307.01 to 5307.25 of the Revised Code.
R.C. 5307.04 further provides:
 If the court of common pleas finds that the plaintiff in an action for partition has a legal right to any part of the estate, it shall order partition thereof in favor of the plaintiff or all parties in interest, appoint three disinterested and judicious freeholders of the vicinity to be commissioners to make the partition, and order a writ of partition to issue.
It is well established that the right of partition is remedial and should be liberally construed. McGill v. Roush
(1993), 87 Ohio App.3d 66, 79. An order of partition may be granted only if the court first finds that the plaintiff in a partition action has a legal right to any part of the estate.Byers v. Wackman (1866), 16 Ohio St. 440, 443; Bryan v. Looker
(1994), 94 Ohio App.3d 228, 231.
It is axiomatic that when an owner conveys a leasehold estate the owner retains his fee simple interest in the property. Smithv. Harrison (1884), 42 Ohio St. 180. "The fee simple remains in the lessor, his heirs and assigns." Id. at 185. Therefore, Appellant retains an undivided fee simple interest in 1/7 of the subject property.
To enable a party to maintain an action for partition, he must have an estate in possession?one by virtue of which he is entitled to enjoy the rents or the possession as one of the cotenants thereof. Crowe v. Crowe (1919), 12 Ohio App. 43, 44; see, also, Lauer v. Green (1918), 99 Ohio St. 20 (holding that the possession or the immediate right to possession is necessary in order that a suit in partition may be maintained).
The existence of an ordinary lease for years, under which the tenant is in possession, paying rent to the owners of the fee simple estate, is no obstacle to partition among such owners.Crowe, 12 Ohio App. at 44. The possession of the tenant is regarded as the possession of the landlord. Id.
The Supreme Court of Ohio in Rawson v. Brown (1922), 104 Ohio St. 537,546 held that "the possession of the tenant for years, under a lease, perpetual or otherwise, is always the possession of his lessor." The Court further held that:
 In the case of tenancy under a lease[,] the lessor or his heirs have an ever-present interest — a constant right to participate in the benefits of possession. Their right is not in futuro. It is in praesenti.
 It must be remembered that partition deals only with possession. But physical possession is not necessary. An estate which gives the right to possess or to a participation in the fruits of possession is sufficient.
 The term "possession," as used in such proceedings, relates to and defines the nature of the estate. Actual possession is not necessary to constitute possession. As the authorities hold, the possession of the tenant is the possession of the lessor.
(Emphasis sic.) Id.
In the case sub judice, Appellant owns an undivided fee simple interest in 1/7 of the subject property. Although Appellee Richard Blanke maintains a leasehold interest on the property, Appellant has a present possessory interest in the estate. Appellant, therefore, has a cognizable cause of action for a partition of the subject property. Thus, we find that the trial court erred in finding that the court lacked subject matter jurisdiction to proceed with the case.
For the reasons stated, the assignment of error is sustained and the cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed.
BRYANT, P.J., and WALTERS, J., concur.
[1] Julius and Marie Broerman, now deceased, are the parents of Appellant and Appellee Doris Blanke.